Derek Jerome SINGLETON et al.,
Appellants,

v.

JACKSON MUNICIPAL SEPARATE
SCHOOL DISTRICT et al.,
Appellees.

No. 26285.

Clarence ANTHONY et al., Appellants,

v.

MARSHALL COUNTY BOARD OF EDU-
CATION, Appellee.

No. 28261.

UNITED STATES of America,
Appellant,

v.

Charles F. MATHEWS et al., Appellees.

No. 28045.

Linda STOUT, by her father and next
friend Blevin Stout, et al., Plaintiffs-
Appellants,

United States of America,
Plaintiff-Intervenor,

v.

JEFFERSON COUNTY BOARD OF
EDUCATION et al., Defendants-
Appellees.

Doris Elaine BROWN et al., Plaintiffs-
Appellants,
United States of America,
Plaintiff-Intervenor,

v.

The BOARD OF EDUCATION OF the
CITY OF BESSEMER et al.,
Defendants-Appellees.

No. 28350.

Birdie Mae DAVIS et al., Plaintiffs-
Appellants,

United States of America,
Plaintiff-Intervenor,

v.

BOARD OF SCHOOL COMMISSIONERS
OF MOBILE COUNTY et al.,
Defendants-Appellees,

Twila Frazier et al., Defendants-
Intervenor-Appellees.

No. 28349.

Robert CARTER et al., Plaintiffs-
Appellants,

v.

WEST FELICIANA PARISH SCHOOL
BOARD et al., Defendants-Appellees.

Sharon Lynne GEORGE et al., Plaintiffs-
Appellants,

v.

C. Walter DAVIS, President, East Feli-
ciana Parish School Board, et al.,
Defendants-Appellees.

No. 28340.

Irma J. SMITH et al., Plaintiffs-
Appellants,

v.

CONCORDIA PARISH SCHOOL BOARD
et al., Defendants-Appellees.

No. 28342.

Hemon HARRIS et al., Plaintiffs-
Appellants-Cross Appellees,

v.

ST. JOHN THE BAPTIST PARISH
SCHOOL BOARD et al., Defendants-
Appellees-Cross Appellants.

No. 28361.

Neely BENNETT et al., Appellants,

v.

R. E. EVANS et al., Appellees.

Allene Patricia Ann BENNETT, a minor,
by R. B. Bennett, her father and next
friend, Appellants,

v.

BURKE COUNTY BOARD OF EDUCA-
TION et al., Appellees.

No. 28409.

Shirley BIVINS et al., Plaintiffs-
Appellants,

v.

BIBB COUNTY BOARD OF EDUCATION
and Orphanage For Bibb County
et al., Defendants-Appellees.

No. 28407.

Oscar C. THOMIE, Jr., et al., Plaintiffs-
Appellants,

v.

HOUSTON COUNTY BOARD OF EDU-
CATION, Defendants-Appellees.

No. 28408.

**1212**

Jean Carolyn YOUNGBLOOD et al.,
Plaintiffs-Appellants,

United States of America,
Plaintiff-Intervenor,

v.

The BOARD OF PUBLIC INSTRUCTION
OF BAY COUNTY, FLORIDA, et al.,
Defendants-Appellees.

No. 27863.

Lavon WRIGHT et al., Plaintiffs-
Appellants,

v.

The BOARD OF PUBLIC INSTRUC-
TION OF ALACHUA COUNTY, FLOR-
IDA, et al., Defendants-Appellees.

No. 27983.

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1969.

Judgment Vacated in Part in Nos. 28340,
28342, Dec. 13, 1969.

See 90 S.Ct. 467.

Judgment Reversed in Nos. 26285,
28340, Jan. 14, 1970.

See 90 S.Ct. 608.

Petition of West Feliciana Parish School
Bd., et al., for Certiorari Denied
Jan. 14, 1970.

See 90 S.Ct. 611.

Petition of Jackson Municipal Separate
School Dist., et al., for Certiorari
Denied Jan. 14, 1970.

See 90 S.Ct. 612.

Reuben V. Anderson, Paul Brest, Iris Brest, Fred L. Banks, Jr., Marian E. Wright, Melvyn R. Leventhal, Jackson, Miss., Jack Greenberg, Franklin White, Melvyn Zarr, Norman J. Chachkin, Jonathan Shapiro, New York City, Robert Moore, U. S. Dept. of Justice, Civil Rights Div., Washington, D. C., for appellants Derek Jerome Singleton and others.

Robert C. Cannada, Thomas H. Watkins, Special Counsel, A. F. Summer, Atty. Gen., Dugas Shands, Asst. Atty. Gen., Jackson, Miss., for appellees Jackson Municipal Separate School District and others.

Jerris Leonard, Asst. Atty. Gen., David L. Norman, Deputy Asst. Atty. Gen., John A. Bleveans, David D. Gregory, Attys., U. S. Dept. of Justice, Washington, D. C., for the United States in all cases.

Louis R. Lucas, Memphis, Tenn., John L. Maxey II, Holly Springs, Miss., Jack Greenberg, Norman Chachkin, New York City, for appellants Clarence Anthony and others.

Semmes Luckett, Clarksdale, Miss., William A. Allain, Asst. Atty. Gen. of Mississippi, Jackson, Miss., for appellee Marshall County Board of Education.

Brian K. Landsberg, David D. Gregory, Gary J. Greenberg, Attys., Civil Rights Div., Dept. of Justice, Washington, D. C., Richard B. Hardee, U. S. Atty., Tyler, Tex., for appellant the United States.

Henry H. Harbour, John M. Smith, Longview, Tex., for appellees Charles F. Mathews and others.

U. W. Clemon, Birmingham, Ala., Norman Amaker, New York City, David Hood, Bessemer, Ala., for plaintiffs-appellants Linda Stout and Doris Elaine Brown and others.

Jerris Leonard, Asst. Atty. Gen., Frank Dunbaugh, Atty., U. S. Dept. of

Justice, Washington, D. C., for plaintiff-intervenor the United States.

Maurice Bishop, Reid Barnes, Birmingham, Ala., Macdonald Gallion, Atty. Gen., Montgomery, Ala., J. Howard McEniry, Jr., Bessemer, Ala., for defendants-appellees Jefferson County Board of Education, Board of Education of the City of Bessemer and others.

Vernon Z. Crawford, Mobile, Ala., Jack Greenberg, Michael Davidson, New York City, for plaintiffs-appellants Birdie Mae Davis and others.

Abram L. Philips, Jr., James D. Brooks, Pierre Pelham, Mobile, Ala., for defendants-appellees Board of School Commissioners of Mobile County and others.

Other Interested Parties: Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., Frank M. Dunbaugh, Walter Gorman, Attys., Dept. of Justice, Washington, D. C., Charles Morgan, Jr., Atlanta, Ga., for plaintiff-intervenor the United States.

Richard B. Sobol, George M. Strickler, Jr., Robert P. Roberts, Collins, Douglas & Elie, New Orleans, La., Murphy W. Bell, Baton Rouge, La., for plaintiffs-appellants Robert Carter and Sharon Lynne George and others.

John F. Ward, Jr., Baton Rouge, La., Richard H. Kilbourne, Dist. Atty., Clinton, La., Fred C. Jackson, Asst. Dist. Atty., St. Francisville, La., Kenneth C. DeJean, Atty. Gen's. Office, Harry J. Kron, Jr., Asst. Atty. Gen., Baton Rouge, La., for defendants-appellees West Feliciana Parish School Board and C. Walter Davis and others.

George M. Strickler, Jr., Collins, Douglas & Elie, New Orleans, La., Richard B. Sobol, Jesse H. Queen, Brian K. Landsberg, Dept. of Justice, Civil Rights Div., Washington, D. C., for plaintiffs-appellants Irma J. Smith and others.

Kermit M. Simmons, Winnfield, La., W. C. Falkenheiner, Dist. Atty., Vidalia, La., Harry J. Kron, Jr., Thibodaux, La., for defendants-appellees Concordia Parish School Board and others.

Melvin P. Barre, Dist. Atty., Edgard, La., Harry J. Kron, Jr., Dist. Atty., Thibodaux, La., Jack P. F. Gremillion, Atty. Gen. of Louisiana, Baton Rouge, La., for plaintiffs-appellants-cross-appellees Hemon Harris and others.

Benjamin E. Smith, A. P. Tureaud, New Orleans, La., for defendants-appellees-cross-appellants St. John the Baptist Parish School Board and others.

John H. Ruffin, Jr., Augusta, Ga., Jack Greenberg, New York City, for appellants Neely Bennett and Allene Patricia Ann Bennett and others.

W. M. Fulcher, Augusta, Ga., for appellees R. E. Evans and Burke County Board of Education and others.

Norman Chachkin, Jack Greenberg, New York City, Thomas M. Jackson, Macon, Ga., for plaintiffs-appellants Shirley Bivins, Oscar C. Thomie, Jr. and others.

Frank C. Jones, Wallace Miller, Jr., Macon, Ga., for defendants-appellees Bibb County Board of Education and Orphanage for Bibb County and others.

J. Harold Flannery, Atty., Dept. of Justice, Civil Rights Div., Washington, D. C., for the United States.

D. P. Hulbert, Perry, Ga., for defendant-appellee Houston County Board of Education.

Theodore R. Bowers, Panama City, Fla., Jack Greenberg, William L. Robinson, New York City, Drew S. Days, III, for plaintiffs-appellants Jean Carolyn Youngblood and others.

Julian Bennett, Panama City, Fla., for defendants-appellees The Board of Public Instruction of Bay County, Fla. and others.

D. Battle Rankin, J. Harold Flannery, Attys., Dept. of Justice, Civil Rights Div., Washington, D. C., for plaintiff-intervenor, the United States.

Earl M. Johnson, Reese Marshall, Jacksonville, Fla., Jack Greenberg, William L. Robinson, James M. Nabrit, III, Norman J. Chachkin, New York City, for plaintiffs-appellants Lavon Wright and others.

Harry C. Duncan, Gainesville, Fla., for defendants-appellees, the Board of Public Instruction of Alachua County, Fla. and others.

Before JOHN R. BROWN, Chief Judge, WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CARSWELL, and CLARK, Circuit Judges, En Banc.*

PER CURIAM.

These appeals, all involving school desegregation orders, are consolidated for opinion purposes. They involve, in the main, common questions of law and fact. They were heard en banc on successive days.

Following our determination to consider these cases en banc, the Supreme Court handed down its decision in Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19. That decision supervened all existing authority to the contrary. It sent the doctrine of deliberate speed to its final resting place. 396 U.S. at pp. 19, 20, 21, 90 S.Ct. at pp. 29–30, 24 L.Ed. 2d at p. 21.

The rule of the case is to be found in the direction to this court to issue its order "effective immediately declaring that each of the school districts * * * may no longer operate a dual school system based on race or color, and directing that they begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color." We effectuated this rule and order in United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852. It must likewise be effectuated in these and all other school cases now being or which are to be considered in this or the district courts of this circuit.

The tenor of the decision in Alexander v. Holmes County is to shift the burden from the standpoint of time for converting to unitary school systems. The shift is from a status of litigation to one of unitary operation pending litigation. The new modus operandi is to require immediate operation as unitary systems. Suggested modifications to unitary plans are not to delay implementation. Hearings on requested changes in unitary operating plans may be in order but no delay in conversion may ensue because of the need for modification or hearing.

In Alexander v. Holmes County, the court had unitary plans available for each of the school districts. In addition, this court, on remand, gave each district a limited time within which to offer its own plan. It was apparent there, as it is here, that converting to a unitary system involved basically the merger of faculty and staff, students, transportation, services, athletic and other extra-curricular school activities. We required that the conversion to unitary systems in those districts take place not later than December 31, 1969. It was the earliest feasible date in the view of the court. United States v. Hinds County, supra. In three of the systems there (Hinds County, Holmes County and Meridian), because of particular logistical difficulties the Office of Education (HEW) had recommended two-step plans. The result was, and the court ordered, that the first step be implemented not later than December 31, 1969 and the other beginning with the fall 1970 school term.

I

Because of Alexander v. Holmes County, each of the cases here, as will be later discussed, must be considered anew, either in whole or in part, by the district courts. It happens that there are extant unitary plans for some of the school districts here, either Office of Education

---

* Judge Wisdom did not participate in Nos. 26285, 28261, 28045, 28350, 28349 and 28361. Judge Ainsworth did not participate in No. 28342. Judge Carswell did not participate in Nos. 27863 and 27983. Judge Clark did not participate in No. 26285.

or school board originated. Some are operating under freedom of choice plans. In no one of the districts has a plan been submitted in light of the precedent of Alexander v. Holmes County. That case resolves all questions except as to mechanics. The school districts here may no longer operate dual systems and must begin immediately to operate as unitary systems. The focus of the mechanics question is on the accomplishment of the immediacy requirement laid down in Alexander v. Holmes County.

 Despite the absence of plans, it will be possible to merge faculties and staff, transportation, services, athletics and other extra-curricular activities during the present school term. It will be difficult to arrange the merger of student bodies into unitary systems prior to the fall 1970 term in the absence of merger plans. The court has concluded that two-step plans are to be implemented. One step must be accomplished not later than February 1, 1970 and it will include all steps necessary to conversion to a unitary system save the merger of student bodies into unitary systems. The student body merger will constitute the second step and must be accomplished not later than the beginning of the fall term 1970.[1] The district courts, in the respective cases here, are directed to so order and to give first priority to effectuating this requirement.

To this end, the district courts are directed to require the respective school districts, appellees herein, to request the Office of Education (HEW) to prepare plans for the merger of the student bodies into unitary systems. These plans shall be filed with the district courts not later than January 6, 1970 together with such additional plan or modification of the Office of Education plan as the school district may wish to offer. The district court shall enter its final order not later than February 1, 1970 requiring and setting out the details of a plan designed to accomplish a unitary system of pupil attendance with the start of the fall 1970 school term. Such order may include a plan designed by the district court in the absence of the submission of an otherwise satisfactory plan. A copy of such plan as is approved shall be filed by the clerk of the district court with the clerk of this court.[2]

 The following provisions are being required as step one in the conversion process. The district courts are directed to make them a part of the orders to be entered and to also give first priority to implementation.

The respective school districts, appellees herein, must take the following action not later than February 1, 1970:

## DESEGREGATION OF FACULTY AND OTHER STAFF

The School Board shall announce and implement the following policies:

1. Effective not later than February 1, 1970, the principals, teachers, teacher-

---

1. Many faculty and staff members will be transferred under step one. It will be necessary for final grades to be entered and for other records to be completed, prior to the transfers, by the transferring faculty members and administrators for the partial school year involved. The interim period prior to February 1, 1970 is allowed for this purpose.

 The interim period prior to the start of the fall 1970 school term is allowed for arranging the student transfers. Many students must transfer. Buildings will be put to new use. In some instances it may be necessary to transfer equipment, supplies or libraries. School bus routes must be reconstituted. The period allowed is at least adequate for the orderly accomplishment of the task.

2. In formulating plans, nothing herein is intended to prevent the respective school districts or the district court from seeking the counsel and assistance of state departments of education, university schools of education or of others having expertise in the field of education.

 It is also to be noted that many problems of a local nature are likely to arise in converting to and maintaining unitary systems. These problems may best be resolved on the community level. The district courts should suggest the advisability of biracial advisory committees to school boards in those districts having no Negro school board members.

aides and other staff who work directly with children at a school shall be so assigned that in no case will the racial composition of a staff indicate that a school is intended for Negro students or white students. For the remainder of the 1969–70 school year the district shall assign the staff described above so that the ratio of Negro to white teachers in each school, and the ratio of other staff in each, are substantially the same as each such ratio is to the teachers and other staff, respectively, in the entire school system.

The school district shall, to the extent necessary to carry out this desegregation plan, direct members of its staff as a condition of continued employment to accept new assignments.

2. Staff members who work directly with children, and professional staff who work on the administrative level will be hired, assigned, promoted, paid, demoted, dismissed, and otherwise treated without regard to race, color, or national origin.

3. If there is to be a reduction in the number of principals, teachers, teacher-aides, or other professional staff employed by the school district which will result in a dismissal or demotion of any such staff members, the staff member to be dismissed or demoted must be selected on the basis of objective and reasonable non-discriminatory standards from among all the staff of the school district. In addition if there is any such dismissal or demotion, no staff vacancy may be filled through recruitment of a person of a race, color, or national origin different from that of the individual dismissed or demoted, until each displaced staff member who is qualified has had an opportunity to fill the vacancy and has failed to accept an offer to do so.

Prior to such a reduction, the school board will develop or require the development of nonracial objective criteria to be used in selecting the staff member who is to be dismissed or demoted. These criteria shall be available for public inspection and shall be retained by the school district. The school district also shall record and preserve the evaluation of staff members under the criteria. Such evaluation shall be made available upon request to the dismissed or demoted employee.

"Demotion" as used above includes any re-assignment (1) under which the staff member receives less pay or has less responsibility than under the assignment he held previously, (2) which requires a lesser degree of skill than did the assignment he held previously, or (3) under which the staff member is asked to teach a subject or grade other than one for which he is certified or for which he has had substantial experience within a reasonably current period. In general and depending upon the subject matter involved, five years is such a reasonable period.

### MAJORITY TO MINORITY TRANSFER POLICY

The school district shall permit a student attending a school in which his race is in the majority to choose to attend another school, where space is available, and where his race is in the minority.

### TRANSPORTATION

The transportation system, in those school districts having transportation systems, shall be completely re-examined regularly by the superintendent, his staff, and the school board. Bus routes and the assignment of students to buses will be designed to insure the transportation of all eligible pupils on a non-segregated and otherwise non-discriminatory basis.

### SCHOOL CONSTRUCTION AND SITE SELECTION

All school construction, school consolidation, and site selection (including the location of any temporary classrooms) in the system shall be done in a manner which will prevent the recurrence of the dual school structure once this desegregation plan is implemented.

### ATTENDANCE OUTSIDE SYSTEM OF RESIDENCE

If the school district grants transfers to students living in the district for their

attendance at public schools outside the district, or if it permits transfers into the district of students who live outside the district, it shall do so on a non-discriminatory basis, except that it shall not consent to transfers where the cumulative effect will reduce desegregation in either district or reenforce the dual school system.

See United States v. Hinds County, supra, decided November 6, 1969. The orders there embrace these same requirements.

## II

In addition to the foregoing requirements of general applicability, the order of the court which is peculiar to each of the specific cases being considered is as follows:

### NO. 26285—JACKSON, MISSISSIPPI

This is a freedom of choice system. The issue presented has to do with school building construction. We enjoined the proposed construction pending appeal.

■ A federal appellate court is bound to consider any change, either in fact or in law, which has supervened since the judgment was entered. Bell v. State of Maryland, 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964). We therefore reverse and remand for compliance with the requirements of Alexander v. Holmes County and the other provisions and conditions of this order. Our order enjoining the proposed construction pending appeal is continued in effect until such time as the district court has approved a plan for conversion to a unitary school system.

### NO. 28261—MARSHALL COUNTY AND HOLLY SPRINGS, MISSISSIPPI

■ This suit seeks to desegregate two school districts, Marshall County and Holly Springs, Mississippi. The district court approved plans which would assign students to schools on the basis of achievement test scores. We pretermit a discussion of the validity per se of a plan based on testing except to hold that testing cannot be employed in any event until unitary school systems have been established.

We reverse and remand for compliance with the requirements of Alexander v. Holmes County and the other provisions and conditions of this order.

### NO. 28045—UNITED STATES V. MATTHEWS (LONGVIEW, TEXAS)

This system is operating under a plan approved by the district court which appears to be realistic and workable except that it is to be implemented over a period of five years. This is inadequate.

We reverse and remand for compliance with the requirements of Alexander v. Holmes County and the other provisions and conditions of this order.

### NO. 28350—JEFFERSON COUNTY AND BESSEMER, ALABAMA

These consolidated cases involve the school boards of Jefferson County and the City of Bessemer, Alabama. Prior plans for desegregation of the two systems were disapproved by this court on June 26, 1969, United States v. Jefferson County Board of Education, et al., 417 F.2d 834 (5th Cir. 1969), at which time we reversed and remanded the case with specific directions. The record does not reflect any substantial change in the two systems since this earlier opinion, and it is therefore unnecessary to restate the facts. The plans approved by the district court and now under review in this court do not comply with the standards required in Alexander v. Holmes County.

We reverse and remand for compliance with the requirements of Alexander v. Holmes County and the other provisions and conditions of this order.

### NO. 28349—MOBILE COUNTY, ALABAMA

On June 3, 1969, we held that the attendance zone and freedom of choice method of student assignment used by the Mobile School Commissioners was constitutionally unacceptable. Pursuant

to our mandate the district court requested the Office of Education (HEW) to collaborate with the board in the preparation of a plan to fully desegregate all public schools in Mobile County. Having failed to reach agreement with the board, the Office of Education filed its plan which the district court on August 1, 1969, adopted with slight modification (but which did not reduce the amount of desegregation which will result). The court's order directs the board for the 1969–1970 school year to close two rural schools, establish attendance zones for the 25 other rural schools, make assignments based on those zones, restructure the Hillsdale School, assign all students in the western portion of the metropolitan area according to geographic attendance zones designed to desegregate all the schools in that part of the system, and reassign approximately 1,000 teachers and staff. Thus the district court's order of August 1, now before us on appeal by the plaintiffs, will fully desegregate all of Mobile County schools except the schools in the eastern portion of metropolitan Mobile where it was proposed by the plan to transport students to the western part of the city. The district court was not satisfied with this latter provision and required the board after further study and collaboration with HEW officials, to submit by December 1, 1969, a plan for the desegregation of the schools in the eastern part of the metropolitan area.

The school board urges reversal of the district court's order dealing with the grade organization of the Hillsdale School and the faculty provisions.

We affirm the order of the district court with directions to desegregate the eastern part of the metropolitan area of the Mobile County School System and to otherwise create a unitary system in compliance with the requirements of *Holmes County* and in accordance with the other provisions and conditions of this order.

NO. 28340—EAST AND WEST FELICIANA PARISHES, LOUISIANA

East Feliciana is operating under a plan which closed one rural Negro elementary school and zoned the four remaining rural elementary schools. All elementary students not encompassed in the rural zones, and all high school students, continue to have free choice. Majority to minority transfer is allowed on a space-available basis prior to beginning of the school year.

The plan has not produced a unitary system. We reverse and remand for compliance with the requirements of Alexander v. Holmes County and the other provisions and conditions of this order.

West Feliciana is operating under a plan approved for 1969–70 which zones the two rural elementary schools. These schools enroll approximately 15 per cent of the students of the district. The plan retains "open enrollment" (a euphemism for free choice) for the other schools. The plan asserts that race should not be a criterion for employment or assignment of personnel. However, the board promises to seek voluntary transfers and if substantial compliance cannot be obtained by this method it proposes to adopt other means to accomplish substantial results.

This plan has not produced a unitary system. We reverse and remand for compliance with the requirements of Alexander v. Holmes County and the other provisions and conditions of this order.

NO. 28342—CONCORDIA PARISH, LOUISIANA

The plan in effect for desegregating this school district has not produced a unitary system. It involves zoning, pairing, freedom of choice and some separation by sex. We pretermit the question posed as to sex separation since it may not arise under such plan as may be approved for a unitary system.

This plan has not produced a unitary system. We reverse and remand for compliance with the requirements of Alexander v. Holmes County and the other provisions and conditions of this order.

## NO. 28361—ST. JOHN THE BAPTIST PARISH, LOUISIANA

This school district has been operating under a freedom of choice plan. The parish is divided into two sections by the Mississippi River and no bridge is located in the parish. The schools are situated near the east and west banks of the river.

■ A realistic start has been made in converting the east bank schools to a unitary system. It, however, is less than adequate. As to the west bank schools, the present enrollment is 1626 Negro and 156 whites. The whites, under freedom of choice, all attend the same school, one of five schools on the west bank. The 156 whites are in a school with 406 Negroes. We affirm as to this part of the plan. We do not believe it necessary to divide this small number of whites, already in a desegregated minority position, amongst the five schools.

We reverse and remand for compliance with the requirements of Alexander v. Holmes County and the other provisions and conditions of this order.

## NO. 28409—BURKE COUNTY, GEORGIA

The interim plan in operation here, developed by the Office of Education (HEW), has not produced a unitary system. The district court ordered preparation of a final plan for use in 1970–71. This delay is no longer permissible.

We reverse and remand for compliance with the requirements of Alexander v. Holmes County and the other provisions and conditions of this order.

## NO. 28407—BIBB COUNTY, GEORGIA

This is a freedom of choice system on which a special course transfer provision has been superimposed. Special courses offered in all-Negro schools are being attended by whites in substantial numbers. This has resulted in some attendance on a part time basis by whites in every all-Negro school. Some three hundred whites are on the waiting list for one of the special courses, remedial reading. The racial cross-over by faculty in the system is 27 per cent.

The order appealed from continues the existing plan with certain modifications. It continues and expands the elective course programs in all-Negro schools in an effort to encourage voluntary integration. The plan calls for a limitation of freedom of choice with respect to four schools about to become resegregated. Under the present plan the school board is empowered to limit Negro enrollment to 40 per cent at these schools to avoid resegregation. Earlier a panel of this court affirmed the district court's denial of an injunction against the quota provision of this plan pending hearing en banc. The prayer for injunction against continuation of the quota provision is now denied and the provision may be retained by the district court pending further consideration as a part of carrying out the requirements of this order.

It is sufficient to say that the district court here has employed bold and imaginative innovations in its plan which have already resulted in substantial desegregation which approaches a unitary system. We reverse and remand for compliance with the requirements of Alexander v. Holmes County and the other provisions and conditions of this order.

## NO. 28408—HOUSTON COUNTY, GEORGIA

This system is operating under a freedom of choice plan. Appellants seek zoning and pairing. There is also an issue as to restricting transfers by Negroes to formerly all-white schools. Cf. No. 28407—Bibb County, supra. In addition, appellants object to the conversion of an all-Negro school into an integrated adult education center. As in the Bibb County case, these are all questions for consideration on remand within the scope of such unitary plan as may be approved.

We reverse and remand for compliance with the requirements of Alexander v. Holmes County and the other provisions and conditions of this order.

## NO. 27863—BAY COUNTY, FLORIDA

This system is operating on a freedom of choice plan. The plan has produced

impressive results but they fall short of establishing a unitary school system.

We reverse and remand for compliance with the requirements of Alexander v. Holmes County and the other provisions and conditions of this order.

### NO. 27983—ALACHUA COUNTY, FLORIDA

This is another Florida school district where impressive progress has been made under a freedom of choice plan. The plan has been implemented by zoning in the elementary schools in Gainesville (the principal city in the system) for the current school year. The results to date and the building plan in progress should facilitate the conversion to a unitary system.

We reverse and remand for compliance with the requirements of Alexander v. Holmes County and the other provisions and conditions of this order.

### III

In the event of an appeal or appeals to this court from an order entered as aforesaid in the district courts, such appeal shall be on the original record and the parties are encouraged to appeal on an agreed statement as is provided for in Rule 10(d), Federal Rules of Appellate Procedure (FRAP). Pursuant to Rule 2, FRAP, the provisions of Rule 4(a) as to the time for filing notice of appeal are suspended and it is ordered that any notice of appeal be filed within fifteen days of the date of entry of the order appealed from and notices of cross-appeal within five days thereafter. The provisions of Rule 11 are suspended and it is ordered that the record be transmitted to this court within fifteen days after filing of the notice of appeal. The provisions of Rule 31 are suspended to the extent that the brief of the appellant shall be filed within fifteen days after the date on which the record is filed and the brief of the appellee shall be filed within ten days after the date on which the brief of appellant is filed. No reply brief shall be filed except upon order of the court. The

times set herein may be enlarged by the court upon good cause shown.

The mandate in each of the within matters shall issue forthwith. No stay will be granted pending petition for rehearing or application for certiorari.

Reversed as to all save Mobile and St. John The Baptist Parish; affirmed as to Mobile with direction; affirmed in part and reversed in part as to St. John The Baptist Parish; remanded to the district courts for further proceedings consistent herewith.