Beryl N. JONES et al., Plaintiffs-Appellants,

United States of America, Plaintiff-Intervenor-Appellant,

v.

CADDO PARISH SCHOOL BOARD et al., Defendant-Appellees.

No. 28746.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1970.

See also 303 F.Supp. 394.

Jack Greenberg, New York City, William Bennett Turner, Norman C. Amaker, Norman J. Chachkin, A. P. Tureaud,

New Orleans, La., Don Walter, U. S. Atty., Shreveport, La., Jerris Leonard, Asst. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., David L. Norman, Deputy Asst. Atty. Gen., David D. Gregory, John A. Bleveans, Attys., U. S. Dept. of Justice, Washington, D. C., for plaintiffs-appellants.

John R. Pleasant, Shreveport, La., John A. Richardson, Dist. Atty., 1st Judicial District, Shreveport, La., for defendant-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This is a school desegregation case in which we reversed and remanded the matter to the District Court pursuant to our decision in Hall v. St. Helena Parish School Board, 5 Cir., 1969, 417 F.2d 801. In that decision we held that the School Board's freedom of choice plan was not effective in desegregating the system and converting it to a unitary school system. In our remand the District Court was directed to order the School Board to submit a new plan.

The District Court complied and also directed the cooperation of the School Board with the Department of Health, Education and Welfare. On July 5, 1969, the School Board filed a plan and HEW also submitted a plan which differed from that of the Board. In its order of August 1, 1969, subsequently modified on August 4, 1969, the District Court adopted the School Board's plan with minor modifications and rejected the HEW plan. This matter is now before this Court on an appeal which questions the District Court's approval of the Board's plan, and the United States requests that this case be summarily reversed and remanded for submission of alternative plans in conformity to Singleton v. Jackson Municipal Separate School District, 5 Cir., 1969, 419 F.2d 1211 (en banc), petition for certiorari pending.

Under the circumstances this case must be reversed and remanded for further proceedings under recent decisions of the Supreme Court of the United States and this Court. Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed. 2d 19; United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852, and Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 5 Cir., 1969, 419 F.2d 1211, mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color," and that they must "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color." As this Court said in Singleton, "the tenor of the decision in Alexander v. Holmes County is to shift the burden from the standpoint of time for converting to unitary school systems. The shift is from a status of litigation to one of unitary operation pending litigation."

■ We are convinced from the record that the plan submitted by the Board and approved by the District Court on August 1, 1969 (modified on August 4, 1969) does not convert to a unitary school system, and that the decision of the District Court which approved the Board's plan must be reversed and remanded with directions to the District Court to comply with the requirements of Alexander v. Holmes County, supra.

The District Court is further directed to comply with all of the terms, provisions and conditions in *Singleton,* supra, Parts I and III, except for the following:

(1) The District Court shall order the Board to submit a desegregation plan to provide a unitary school system and said plan shall be filed with the District Court not later than January 15, 1970.

(2) The District Court shall order the School Board to take such preliminary steps as may be necessary to prepare for complete student desegregation by February 1, 1970, in accordance with the order of

the Supreme Court in Carter v. West Feliciana Parish School Board, 1969, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477, in the event the Supreme Court requires student desegregation by February 1, 1970.

We have noted the contention of the Board in its memorandum in opposition to that of the United States, that the appeals of the United States and the private plaintiffs are only from the District Court's order approving the Board's plan for the school year 1970–1971 and any subsequent year, and that no appeal has been taken from the District Court's order as it relates to the 1969–1970 school year. The Board also points out that in this Court's order of May 28, 1969, in Hall v. St. Helena Parish School Board, supra, as amended on August 25, 1969, we ordered that appeals from orders on remand should be expedited and the record and appellants' briefs filed within 30 days of the order of the District Court. The record does not disclose that the appeals of the United States and the private plaintiffs are limited or conditioned. They are in the usual form and notice appeals to this Court from the order of the District Court filed August 1, 1969 and supplemented on August 4, 1969.[1] We do not read our order in *Hall*,

supra, as limiting the time within which the appeals can be filed to any period less than that prescribed by law. Under Rule 73, Fed.R.Civ.P., in any action in which the United States is a party, the notice of appeal may be filed by *any party* within 60 days from such entry. To the same effect, see Rule 4(a), F.R.A.P. See also 28 U.S.C. § 2107 which provides that in any civil action in which the United States is a party, the time for appealing as to all parties shall be 60 days from entry of the judgment, order or decree. The District Court's order in this matter was entered on August 1, 1969, and the appeal of the private plaintiffs was taken on September 22, 1969, the Board on September 25, 1969, and the United States on September 30, 1969. We hold, therefore, that all of the appeals were timely filed, having been noticed within 60 days of the entry of the District Court's order. But compare *Singleton*, supra, Part III, where, pursuant to Rule 2, F.R.A.P., we suspended the provisions of Rule 4(a), F.R.A.P., as to the time for filing notice of appeal.

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing, or application for certiorari.

Reversed and remanded with directions.

[1]. Though it is true that the private plaintiffs in a motion to proceed on original record, filed with this Court on November 21, 1969, stated (paragraph 3) that they do not seek relief for the current school year, apparently this position no longer obtains, as we note from private plaintiffs' brief to this Court filed on December 29, 1969. In any event, the appeal of the United States is not limited so far as we can discern from the record and briefs, and in a memorandum of the United States filed with this Court on December 23, 1969, which pertains to a number of cases now pending in this Court, including the instant case involving Caddo Parish, the Government's position as to Caddo Parish clearly appeals from the District Court's order of August 1, 1969 adopting the School Board's plan and the United States requests that this Court summarily reverse and remand the case "for submission of alternative plans in conformity to Singleton v. Jackson Municipal Separate School District, supra."