**Robert L. ACREE et al., Plaintiffs-Appellants,**

v.

**COUNTY BOARD OF EDUCATION OF RICHMOND COUNTY, GEORGIA, et al., Defendants-Appellees.**

**No. 29687.**

United States Court of Appeals, Fifth Circuit.

July 15, 1970.

---

John H. Ruffin, Jr., Augusta, Ga., Jack Greenberg, Norman Chachkin, New York City, for plaintiffs-appellants.

Franklin H. Pierce, Augusta, Ga., for defendants-appellees.

Before BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

BY THE COURT:

Having examined the record and the briefs of counsel in the above styled and numbered cause, this Court is left with a very definite and indelible impression —the Richmond County, Georgia public schools are racially identifiable, both as to the faculty and the composition of the respective student bodies. If there is any hope remaining for the Richmond County public schools to operate as a unitary system by the commencement of the new school year—prompt and immediate action is required.

Piecemeal litigation and review affords little promise of dismantling the dual system of education now existing in Richmond County. In order that this Court may have a complete record upon review, IT IS HEREBY ORDERED that the District Court forthwith take the following action:

(1) Appoint a bi-racial advisory committee from names submitted by the parties to the suit. The membership of the committee shall be not less than ten (10), nor more than twenty (20) in number.

(2) Order the Richmond County Board of Education, together with counsel, to confer with H.E.W. representatives, the bi-racial advisory committee and other counsel of record in the formulation of a terminal desegregation plan for the Richmond County school system to be effective for the 1970–71 school year. The plan as formulated *shall* include the model desegregation provisions contained in Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir., 1969) (en banc), and the post-Singleton school decisions of this Court. See e. g., Carr v. Montgomery County Board of Education, 429 F.2d 382 (5th Cir., 1970). Counsel should be admonished that "zoning reports" and like compilations of a descriptive nature do not constitute a "plan" which will eradicate the dual system of education in Richmond County. While such compilations are helpful, only substantive provisions of a definite and affirmative nature will satisfy the obligation of the Board of Education "to terminate the dual school system at once and to operate now and hereafter only unitary schools."

(3) Order the parties and counsel of record to confer and prepare a suitable map of the district, graphically presenting the following information:

(a) The geographic attendance zones proposed for the Richmond County school system.

(b) The name and location of each school within the respective

zones and the interzonal distance between schools.

   (c) The projected pupil enrollment, by race, for each school.

   (d) The projected faculty composition, by race, for each school.

(4) Order counsel to confer and supply the Court with the following information concerning the district's transportation system:

   (a) The number of school buses currently available to the district.

   (b) The number of students provided transportation in the 1969–1970 school year.

   (c) The number of students the district proposes to transport under the plan to be formulated.

In preparing the above information and material, counsel are to confer, cooperate, and agree, where possible, and should any area of disagreement exist, it shall be specifically and clearly identified.

The desegregation plan and supporting information and material to be prepared under paragraphs 2–4 above, shall be submitted by counsel to the District Court no later than July 28, 1970.

The District Court, upon the filing and receipt of the abovementioned plan, shall conduct a hearing on objections, exceptions, and modifications, if any, to the plan.

IT IS FURTHER ORDERED that the District Court make a determination and enter its order supported by specific findings of fact and conclusions of law, upon:

   (a) The compliance of the desegregation plan as filed and/or modified with the SINGLETON and Post-SINGLETON desegregation provisions referred to in paragraph 2 above.

   (b) The cost, educational and administrative soundness of the plan in accomplishing a unitary system of education for the Richmond County public schools.

The above order and findings of the District Court shall be entered no later than August 3, 1970, and the complete record shall be filed with this Court immediately thereafter.

Remanded for further proceedings consistent herewith.