Thomas J. SMITH, Plaintiff-Appellee,

United States of America,
Plaintiff-Intervenor,

v.

ST. TAMMANY PARISH SCHOOL BOARD et al., Defendants-Appellants.

No. 31014.

United States Court of Appeals, Fifth Circuit.

June 1, 1971.

Julian J. Rodrigue, Asst. Dist. Atty., 22nd Judicial Dist., Woodrow W. Erwin, Dist. Atty., Covington, La., Jack P. F. Gremillion, Atty. Gen. of La., for defendants-appellants.

George M. Strickler, Jr., Stanley A. Halpin, Jr., Nils R. Douglas, New Orleans, La., for plaintiff-appellee.

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., Jerris Leonard, Asst. Atty. Gen., Edward S. Christenbury, Brian K. Landsberg, Ben L. Krage, Attys., Dept. of Justice, Washington, D. C., for the United States.

Before TUTTLE, THORNBERRY and INGRAHAM, Circuit Judges.

PER CURIAM:

The judgment of the trial court is affirmed.

In order to reach solutions for the differing problems incident to a specific school desegregation process district courts are necessarily granted broad powers to achieve these constitutional ends. Green v. County School Board, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716. We conclude that under the facts of this case the order, 316 F. Supp. 1174, banning symbols or indicia *expressing the school board's or its employees'* desire to maintain segregated schools and requiring that they "shall be removed from the schools and shall not be officially displayed" is fully warranted. So, too, do we find that the court properly directed the formation of a biracial committee, as previously *recommended* in an earlier order of the court. The order requiring the appointment of a black assistant principal for Covington High School, having a student body one-third black, is warranted in light of our earlier decision in Singleton v. Jackson Municipal Separate School District, 5 Cir., 419 F.2d 1211.

It appearing that no stay of the district court's order was applied for and that there has been no delay caused by this appeal, appellants' request for double costs and attorney's fees is not granted.