Daly N. **BRAXTON** and Sharon Braxton, minors, etc., et al., Plaintiffs,

Mary M. Hampton, Plaintiff-Appellant,

v.

The **BOARD OF PUBLIC INSTRUCTION OF DUVAL COUNTY, FLORIDA**, a body corporate, et al., Defendants-Appellees.

No. 29748.

United States Court of Appeals, Fifth Circuit.

Sept. 23, 1971.

William H. Maness, Jacksonville, Fla., Stephen J. Pollak, Washington, D. C., for plaintiff-appellant; Shea & Gardner, David Rubin, Washington, D. C., Richard M. Sharp, Washington, D. C., of counsel.

William L. Durden, Special Counsel, Yardley D. Buckman, Asst. Counsel, Jacksonville, Fla., for defendant-appellee; James C. Rinaman, Jr., General Counsel, Jacksonville, Fla., of counsel.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal involves the allegedly discriminatory transfer of Mrs. Hampton, a teacher in the Duval County school system. It appears that she was transferred along with many other teachers as a part of the general reassignment of approximately 1,300 faculty members throughout 135 schools in the system on February 1, 1970 pursuant to a district court order entered according to the requirements of Singleton v. Jackson Municipal Separate School District, 5 Cir., 1969, 419 F.2d 1211, that the faculty be integrated on a racial ratio basis.

Mrs. Hampton was returned to her old position on December 14, 1970 and from a stipulated supplemental record, she has at all times since then continued in the same position. She has not suffered at any time any loss in salary, pension rights or other emoluments. It does appear that for the period February 1, 1970–December 13, 1970, she occupied a position of less responsibility in the system.

The Duval school system is under the Singleton v. Jackson Municipal Separate School District, supra, type of order as it respects the reduction or demotion of faculty and staff. See also Carter v. West Feliciana Parish School Board, 5 Cir., 1970, 432 F.2d 875. There is no issue presented here which gives rise to any need to construe these decisions. Appellant has suffered no loss of any kind and her original status has been completely restored.

Under the test of United States v. W. T. Grant Co., 1953, 345 U.S. 629 at 633, 73 S.Ct. 894, 97 L.Ed. 1303 at 1309, a case may be declared moot if there is no reasonable expectation that the wrong will be repeated. Assuming arguendo

that a wrong occurred, there is no basis for concluding that the wrong will be repeated in this school system which is operating in the context of court ordered faculty desegregation. Indeed, defendants are now under an order desegregating the entire school system from every standpoint. See Mims v. Duval County School Board, 5 Cir., 1971, 447 F.2d 1330.

The judgment of the district court is vacated and the cause is remanded to the district court with direction that the case be dismissed as moot.

Vacated and remanded with direction.