Anthony T. LEE et al., Plaintiffs,

United States of America,
Plaintiff-Intervenor,

National Education Association,
Plaintiff-Intervenor, Appellant,

v.

ATTALLA CITY SCHOOL SYSTEM,
Defendant-Appellee.

No. 78–1689.

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1979.

---

,Donald V. Watkins, Montgomery, Ala., for plaintiff-intervenor, appellant.

Burns, Shumaker & Davis, Gary F. Burns, Gadsden, Ala., for defendant-appellee.

Before BROWN, Chief Judge, and GEE and VANCE, Circuit Judges.

PER CURIAM:

On April 16, 1975, the district court entered a consent decree in the case of *Lee v. Etowah County School System* that provided in part as follows:

IT IS ORDERED, ADJUDGED AND DECREED that the defendants forthwith vacate the head basketball coaching position at Etowah High School, and award the position to Mr. Walker Alexander together with all benefits and privileges attendant to the job. The defendants shall also give Mr. Alexander preference over any white applicants with equal qualifications for any future vacancy which occurs at the Etowah High School in the Athletic Director or head football coach position.

In July 1976 control of Etowah High School was transferred to the Attalla City Board of Education. The defendant city board thus assumed responsibilities arising out of the prior consent decree.

The present appeal is from the judgment of the district court in a proceeding initiated on February 2, 1978, by the city board. The board petitioned for permission to hire Mr. Charles Randall Hearn rather than Mr. Alexander as head football coach of Etowah

High School. Following a hearing on February 25, 1978, the district court entered judgment granting the permission sought by the school board. Plaintiff-Intervenor, National Education Association, took this appeal from that judgment.

Appellant relies primarily on the rule of *Singleton v. Jackson Municipal Separate School District*, 419 F.2d 1211 (5th Cir.) *rev'd on other grounds sub nom. Carter v. West Feliciana Parish School Board*, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970), and its progeny that when there has been a professional staff reduction in a school district as a result of desegregation,

no staff vacancy may be filled through recruitment of a person of a race, color, or national origin different from that of the individual dismissed or demoted, until each displaced staff member who is qualified has had an opportunity to fill the vacancy and has failed to accept an offer to do so.

*Singleton, supra*, 419 F.2d at 1218. Apparently Mr. Alexander had been displaced at an all black school at which he had coached both football and basketball. The question, however, is not whether the *Singleton* rule would control if this matter were before the court for the first time. Application of *Singleton* in this case would turn the pages of history back too far. Mr. Alexander's rights were resolved in 1975 by consent of the parties. By the 1975 consent judgment Mr. Alexander was awarded the head basketball coaching position at Etowah High School. He was also awarded a preference for a second position over any other applicant of equal or lesser qualifications. In the findings now before us the district court correctly stated,

The Court, of course, is to ultimately make this decision based upon the agreement that was entered into between the parties back in 1975, . . . . .

The question before the district court was simply whether defendant board showed that Mr. Hearn's qualifications exceeded those of Mr. Alexander. The scope of our review is limited to whether the trial court's decision was clearly erroneous. *Lee v. Russell County Board of Education*, 563 F.2d 1159 (5th Cir. 1977); *Jennings v. Me-*

*ridian Municipal Separate School District,* 453 F.2d 413 (5th Cir. 1971).

When the previous football coach retired and the position became vacant defendant board solicited applications and received ten or twelve of them. It contends that it applied the following criteria: (1) the educational background of the applicants, (2) the type of certificate possessed by each applicant, (3) the applicant's total experience in education, (4) the applicant's experience as a head football coach, (5) the win-loss record of the applicant, and (6) the applicant's experience at the college level.

The undisputed evidence shows that Mr. Hearn has a bachelor's degree in secondary education with a major in health and physical education, a master's degree in physical education, a second master's degree in school administration and thirty-six hours toward a PhD degree. Mr. Alexander has a bachelor's degree in social studies with only a minor in physical education, and a master's degree in school administration. Mr. Hearn has a AA certificate, the highest certificate awarded in the Alabama educational system. Mr. Alexander's certificate is a Class A certificate. The two applicants' total experience in education is about the same. Mr. Hearn has twenty-five years, and Mr. Alexander twenty-three. As a head coach, however, Mr. Hearn has nineteen years of experience, but Mr. Alexander has only ten or eleven. Mr. Hearn showed a positive win-loss record; Mr. Alexander's win-loss record was not shown. Mr. Hearn has coaching experience at the college level. Mr. Alexander has none.

During his coaching career Mr. Hearn had been Alabama High School Athletic Association Coach of the Year for two years and was head coach of the state association's All-Star team in another year.

Appellant contends that the criteria utilized by the defendant city board were tai-lored to Mr. Hearn's qualifications and that it totally ignored other mandatory criteria including experience within the system. Appellant relies on *United States v. Texas Education Agency,* 459 F.2d 600 (5th Cir. 1972), but that case does not support the contention advanced.[1]

The trial court reaffirmed that the requirements of the 1975 consent decree remain in full force and effect. It held, however, that while Mr. Alexander is well qualified for the vacancy, Mr. Hearn "not only is well qualified, but exceptionally well qualified," and that "the board has in fact found someone who is better qualified than is Mr. Alexander."

The district court has correctly addressed the controlling question, and appellant has failed to demonstrate that its findings were clearly erroneous.

AFFIRMED.

---

1. For the guidance of the district court and the parties our opinion in *Texas Education Agency, supra,* incorporated as appendices A, B and C three examples of objective, nonracial and reasonable criteria which previously had been adopted by other school systems or proposed by the United States. Appendix A (the Chilton, and Colbert Counties and Muscle Shoals crite-ria) contains the specific criteria to which appellant points. Appendix B (the Bullock County criteria) and Appendix C (the proposal of the United States) do not. All three are presented for illustrative purposes only. To contend that specific items in one of the examples were held to be mandatory in all cases is contrary to the clear meaning of the opinion.