Anthony T. LEE et al., Plaintiffs,

United States of America,
Plaintiff-Intervenor,

National Education Association, Inc.,
Plaintiff-Intervenor, Appellant,

v.

TUSCALOOSA COUNTY BOARD OF EDUCATION, Defendant-Appellee.

No. 78–1674.

United States Court of Appeals,
Fifth Circuit.

March 16, 1979.

Donald V. Watkins, Montgomery, Ala., for National Ed. Ass'n.

Ray, Oliver & Ward, Martin Ray, Tuscaloosa, Ala., for defendant-appellee.

Before AINSWORTH, GODBOLD and HILL, Circuit Judges.

PER CURIAM:

The National Education Association (NEA), plaintiff-intervenor in this school desegregation case, appeals the district court's order denying its motion for further relief made on behalf of Mrs. Annie V. Watts against the Tuscaloosa County, Alabama, Board of Education (Board). NEA contends that the Board's 1971 dismissal of Mrs. Watts from her position as an elementary school teacher violated the mandate of *Singleton v. Jackson Municipal Separate School District*, 5 Cir., 1970, 419 F.2d 1211 (en banc). This assertion is meritless and we therefore affirm the district court's order.

Mrs. Watts, a black, worked for 25 years as an elementary school teacher in the Tuscaloosa County system, spending 24 years employed in all-black schools. After the United States District Court for the Northern District of Alabama placed the Tuscaloosa County system under a terminal desegregation order on February 4, 1970, Mrs. Watts was transferred to the predominantly white Cottondale Elementary School, where she experienced severe difficulties in maintaining classroom discipline. According to testimony before the district court, on numerous occasions Mrs. Watts' superiors observed her class and discussed with her possible solutions to the discipline problem, without success. The Board suspended Mrs. Watts on February 2, 1971, replacing her with a white teacher hired later that month. At Mrs. Watts' request, on March 2 the Board conducted a public hearing with respect to her status; though afforded the opportunity, she neither called witnesses in her own behalf nor cross-examined those who testified regarding her alleged lack of teaching competence. Following this hearing, the Board determined that Mrs. Watts was incompetent as a teacher and terminated her employment. She appealed to the Alabama State Tenure Commission which, after another hearing on March 31, 1971, upheld the Board's decision.

On June 17, 1971, NEA filed on behalf of Mrs. Watts in district court a motion for

further relief, claiming that the Board dismissed her solely because of race and not on the basis of nonracial objective standards, as required by our decision in *Singleton* and the Tuscaloosa terminal desegregation order, and seeking reinstatement, a new contract with full tenure rights, normal salary increases and retirement benefits, backpay and damages. NEA filed a motion for special setting on July 27, 1977, requesting disposition of the 1971 claim. After trying the case on January 10 and 12, 1978, the district court held *Singleton* inapplicable and concluded that there was substantial evidence supporting the Board's finding that Mrs. Watts "was fired because of her incompetence as a teacher and not on account of racial considerations."

Under our *Singleton* decision, any teacher "dismissed or demoted" as part of an overall reduction in staff resulting from court-ordered conversion to a unitary school system must be selected on the "basis of objective and reasonable nondiscriminatory standards." 419 F.2d 1218. However, "this Court did not intend that the strict requirements of *Singleton* apply in the absence of desegregation related reductions." *Pickens v. Okolona Municipal Separate School District*, 5 Cir., 1976, 527 F.2d 358, 361. As the district court found, no such "desegregation related reductions" occurred in the Tuscaloosa County system "either immediately before or after" Mrs. Watts' firing. Accordingly, *Singleton* is inapplicable and given our reluctance "[f]or sound policy reasons . . . to intrude upon the internal affairs of local school authorities in such matters as teacher competency," our inquiry here is limited to whether "substantial evidence supports the school board's finding of incompetency." *Blunt v. Marion County School Board*, 5 Cir., 1975, 515 F.2d 951, 956.

The Board presented testimony from three of Mrs. Watts' superiors detailing the drastic breakdown of discipline in her classroom and their repeated unsuccessful at-tempts to help her solve the problem. In light of this testimony, we agree with the trial judge that there was substantial evidence to support the Board's finding of incompetence and therefore affirm the district court's order.

AFFIRMED.