**Virgie Lee VALLEY, et al.,
Plaintiff-Appellee,**

**United States of America,
Intervenor-Appellee,**

v.

**RAPIDES PARISH SCHOOL BOARD, et al., Defendants-Appellants.**

No. 80–3722.

United States Court of Appeals,
Fifth Circuit.

Aug. 14, 1981.

John F. Ward, Jr., Robert L. Hammonds, Baton Rouge, La., for defendants-appellants.

Daniel Popeo, Gen. Counsel, Paul D. Kamenar, Director, Washington, D. C., amicus curiae, for Wash. Legal Foundation.

Michael R. Connelly, Baton Rouge, La., amicus curiae, for Justice Foundation.

Louis Berry, Alexandria, La., for plaintiff-appellee.

Drew S. Days, III, Asst. Atty. Gen., Walter W. Barnett, Carol E. Heckman, Dept. of Justice, Civil Rights Div., Washington, D. C., for intervenor-appellee.

Before COLEMAN, GARZA and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

On motion for rehearing the appellant Rapides Parish School Board raises a single issue concerning the following provision of the district court's order:

"3. *Designation of Faculty and Other Staff.* The *Singleton* ratio of faculty and staff (31.5) as stated in our previous decrees is confirmed and shall be maintained. More specifically, the ratio of black principals shall be filled by priority at the beginning of each school year unless waived by special order of this Court. It has come to our attention that the ratio is one short, so that the first principal now to be appointed must be black.

The current policy that a minority assistant principal must be appointed as soon as the number of minority students in a school reaches 20%, is now rescinded. This policy, though helpful in the past, has resulted in over-staffing in some instances, and under the plan now adopted, is no longer necessary. It is now ordered that in each school the assistant principal be of the race other than that of the principal of that school."

The Board maintains that the court below has enforced this provision as a system-wide racial hiring quota, in contravention of *Singleton v. Jackson Municipal Separate School District,* 419 F.2d 1211 (5 Cir. 1969), and its progeny. *See also Carter v. West Feliciana Parish School Board,* 432 F.2d 875 (5 Cir. 1970); *George v. Davis,* 365 F.Supp. 446 (M.D.La.1973) aff'd, 493 F.2d 663 (5 Cir. 1974). The United States, intervenor-appellee, has argued that the challenged provisions relate only to *assignment,* not hiring, and that they validly restate the *Singleton* requirement that the ratio of black and white staff in each school approximate the ratio in the parish as a whole.

In our opinion on the merits of this case, reported at 646 F.2d 925 (5 Cir. 1981), we affirm all portions of the district court's order which were not reversed, and we did not specifically address this issue. We do not have a record before us sufficient to show how the provision complained of has been enforced and we therefore instruct the district court to re-examine this matter on remand, in light of the authority cited.

SO ORDERED.