Joe L. LUJAN

v.

**FRANKLIN COUNTY BOARD OF EDUCATION, et al.**

No. CIV-4-83-83.

United States District Court, E.D. Tennessee, Winchester Division.

April 9, 1984.

---

Mary Juanita Presley, Nashville, Tenn., for plaintiff.

Ben P. Lynch, Winchester, Tenn., for defendants.

## MEMORANDUM AND ORDER

HULL, District Judge.

This civil rights action for redress of alleged racial discrimination in employment, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., came before this Court for trial without a jury on March 30, 1984. The Court makes the following findings of fact and conclusions of law.

Plaintiff Joe L. Lujan, whose mother was Negro and whose father was Mexican, was first employed by the defendant Franklin County Board of Education in 1949. At that time he served as a teacher and head football and basketball coach at Townsend High School, an all-black high school. In 1966, under federal court order, Franklin County desegregated its school system, closing the all-black schools. Tenured black teachers were all given positions in the newly integrated schools. Plaintiff was given a comparable teaching position at the Franklin County High School and was named Assistant Coach of the football team. While there is no evidence that he was demoted in his teaching assignment, salary, or coaching supplement, his responsibilities as Assistant Coach appear to have been considerably less than at Townsend High School. He coached the "B Team" or junior varsity, drove the bus to football games, and served as a trainer and first-aid administrator to the varsity team. Other, white, assistant coaches actually assisted the head coach with the varsity team play.

At the time the school system moved from a dual, segregated system to a unitary or integrated system, school officials were under an affirmative obligation to give preference in future promotions to teachers who were demoted in the desegregation process. See Singleton v. Jackson Separate Municipal School District, 419 F.2d 1211 (5th Cir.1970) and Memorandum of January, 1971, from the Department of Health Education and Welfare to all Chief State School Officers and Superintendents entitled Non-Discrimination in Elementary and Secondary School Staffing Practices [exhibit to plaintiff's trial brief].

It appears from plaintiff's uncontradicted testimony that the Franklin County Board of Education did not take these federal mandates too seriously, at least in terms of appointments to coaching positions. In the 1971–72 school year; the position of head basketball coach came open but was never advertised. Although plaintiff was fully qualified for the position he was not notified of the opening and did not find out about it until he read in the paper

that Rodney Rogers had been appointed. Rodney Rogers testified that he never applied for the head basketball coaching position, but when the principal Jim Douglas approached him and offered it, he accepted.

In the Spring of 1979, the position of Head Football Coach came open and various articles in the newspapers informed plaintiff that a search for a new coach was in progress. Plaintiff and sixteen others applied for the position. There was absolutely no contradiction in the evidence that plaintiff was fully qualified for the position and had more years of experience than the applicant who was selected.

After an incredible runaround by federal authorities, plaintiff managed to file his complaint of racial discrimination with the Equal Employment Opportunity Commission (E.E.O.C.). By August 12, 1981, plaintiff had exhausted his administrative remedies and obtained an E.E.O.C. determination that there was reasonable cause to believe that he had been denied promotion to head coach because of his race. Apparently no conciliation was possible. Plaintiff received his right-to-sue letter in June of 1983 and filed the instant lawsuit in a timely fashion in September of 1983.

■ The case was pleaded under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983. However, this Court dismissed the Section 1983 claim as time-barred, and limited plaintiff's complaint to a Title VII action over the denied promotion to Head Football Coach. The timely filing of a charge of employment discrimination with the Equal Employment Opportunity Commission does not toll the running of the period of limitation applicable to other civil rights actions. *See Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

Plaintiff's attorney very ably argued that Mr. Lujan, as a teacher demoted in the integration effort, had a right to be offered the head coach position if he were qualified for it, or at least to be judged by definite objective criteria when competing for the position. *See McFerren v. County Board of Ed. of Fayette Co., Tennessee*, 455 F.2d 199 (6th Cir.1972). Under this standard the burden would have been on the defendant school board to show that its failure to promote Mr. Lujan was non-discriminatory. In the instant case the defendants admitted that Mr. Lujan was fully qualified for the coaching position and that they used highly subjective criteria in making their selection.

■ However, this Court finds that, because plaintiff's Section 1983 action was time-barred, and plaintiff was limited to his action under Title VII, the burden was on him to prove discriminatory intent. *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Plaintiff made a *prima facie* case under *Burdine*, proving by a preponderance of the evidence that he was a member of a racial minority, that he applied for an available position for which he was fully qualified, and that he was rejected under circumstances which give rise to an inference of racial discrimination.

Mr. Lujan had a Masters in Physical Education from Tennessee State at Nashville and 160 quarter hours beyond the masters toward a doctral degree in Environmental Health from the University of Tennessee at Knoxville. He was certified to teach physical education (and many other courses) and had a 71% winning record from his football coaching at Townsend High School.

Harold "Red" Roberts, the candidate selected for the position of Head Football Coach at Franklin County High School also had a masters degree and the appropriate teaching certification although he did not have the advanced study toward the PhD. After a celebrated career as a wide receiver at Austin Peay State University he had signed with the Philadelphia Eagles as a free agent but had been unsuccessful in making the team. Although he had fewer years of coaching experience, he also had a very creditable record as head coach of Moore County High School in Lynchburg, Tennessee.

The members of the Franklin County Board of Education testified that the success of the football team at Franklin County High School was of tremendous importance to the community as well as to the school system. They took their obligation of selecting a coach very seriously, interviewing eight of the seventeen applications (including plaintiff) and asking them a series of preplanned questions about game strategy, team spirit improvement, etc. They admitted that they were using highly subjective criteria such as the perceived enthusiasm of the candidate and the way the candidate appeared to handle the players on the field. They had gone out of their way to observe "Red" Roberts coaching, but, because Mr. Lujan was not varsity coach at Franklin County High, they had not observed him doing comparable coaching. It is unlikely that any of the board had seen him coach at the all-black high school, but, even if they had, several years had elapsed since he had served in that capacity. Mr. Lujan's greater years of experience were clearly offset by Mr. Robert's youth and perceived energy. There is absolutely no question that Franklin County has been happy with their selection of "Red" Roberts as their coach and that he has met their expectations.

While the defendants may have each focused on slightly different subjective criteria in choosing Mr. Roberts for the coaching position, there is nothing in the record to suggest that the selection was made on the basis of race. They were responding to community pressure to bring in an exciting new coach, and those applicants who were associated with the coach being dismissed were clearly at a disadvantage despite their qualifications. The Court finds as a fact, that the defendants successfully rebutted plaintiff's *prima facie* case by showing plausible nondiscriminatory reasons for their selection. No evidence was offered to suggest that these reasons were pretextural.

Accordingly, the Court finds that plaintiff failed to carry his burden of proof that the defendants discriminated against him on the basis of his race in their selection of Head Football Coach for Franklin County High School.

Accordingly, judgment will enter for the defendants, and the plaintiff will take nothing on his claim.