Shirley **BIVINS** et al., Appellants,

v.

**BIBB COUNTY BOARD OF EDUCA-TION**, etc., et al., Appellees.

Oscar C. **THOMIE, Jr.,** et al., Appellants,

v.

**HOUSTON COUNTY BOARD OF EDU-CATION**, Appellees.

No. 29121.

United States Court of Appeals,
Fifth Circuit.

Feb. 5, 1970.

Rehearing Denied and Rehearing En Banc
Denied April 16, 1970.

Coleman, Circuit Judge, dissented
and filed opinion.

Thomas M. Jackson, Macon, Ga., Jack Greenberg, Norman Chachkin, New York City, for appellants.

Frank C. Jones, Wallace Miller, Jr., Macon, Ga., David P. Hulbert, Tom W. Daniel, Perry, Ga., for appellees.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM.

These two school desegregation cases differ from many which this Court has lately reversed and remanded for compliance with Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 5 Cir. 1969, 419 F.2d 1211, Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, and now Carter v. West Feliciana Parish School Board, January 14, 1970, 396 U.S. 290,

90 S.Ct. 608, 24 L.Ed.2d 477, for these two cases were among the cases consolidated in our en banc decision in *Singleton*. At that time the school boards were seeking approval of their freedom-of-choice plans in face of an attack by the private plaintiffs and the Department of Justice.[1] This Court included these two cases in the *Singleton* mandate, reversing and remanding them for compliance with Alexander v. Holmes County and the instructions of the *Singleton* decree. On remand, the school board, HEW, and the private plaintiffs each prepared and submitted new integration plans. The district court instituted the right of majority to minority transfer and faculty integration as of February 1 in accordance with the ratio set forth in *Singleton*, but in all other respects reinstated and reapproved the freedom-of-choice plans that had been presented to us in *Singleton*. The district court concluded that with these modifications, the freedom-of-choice plans fully comported with Alexander v. Holmes County, our decree in *Singleton*, and the Supreme Court's decree in *Carter*. The plaintiffs have now filed a motion requesting injunctive relief pending appeal; a summary reversal of the district court's orders; our order implementing plaintiffs' proposed plans and retaining jurisdiction; and an award of costs and reasonable attorneys fees. The Bibb County School Board responded, opposing the motion. Houston County has filed no response.

We conclude that the district court's order of January 21, 1970, did not satisfy this Court's order in *Singleton* to comply with Alexander v. Holmes County.

■ BIBB COUNTY. In Bibb County, about twenty-five per cent of the Negro students are enrolled in formerly all-white schools. Only one white student is enrolled in a formerly all-Negro school, of which there are twenty. What *Singleton* approved in Bibb County was the district court's "bold and imaginative innovations" which had resulted in some substantial voluntary desegregation. About nine per cent of the white students were participating or waiting to participate on a *part-time* basis in virtually all of the all-Negro schools in response to the incentive of special courses there such as home-making, industrial arts, remedial reading, and driver education. Nevertheless despite our approval of the district court's efforts, we concluded that there should be more of a "merger of student bodies", that is, greater student desegregation. The subsequent order requiring faculty integration and majority to minority transfer meets only part of our mandate.

■ HOUSTON COUNTY. Faced with a freedom-of-choice plan for Houston County, the Court again reversed and remanded for compliance with *Singleton* and *Alexander*. The private plaintiffs had made various requests and objections. *Singleton* stated: "As in the Bibb County case, these are all questions for consideration on remand within the scope of such unitary plan as may be approved." That language was intended to make clear that *Singleton* did *not* approve the freedom-of-choice plan then in existence, but required the submission of new plans. About twenty per cent of the Negro students in Houston County attend formerly all-white schools. No whites attend the formerly all-Negro schools except on a part-time basis as in Bibb County. Thus, Houston County also fails to comply with the *Singleton* mandate.

■ Therefore, upon consideration of the appellants' motion for injunctive relief pending appeal, the response of the appellees thereto in Bivins v. Bibb County Board of Education and the appellees' letter-motion for oral argument in Biv-

---

1. The United States was not a party to these two suits, but was asked prior to the en banc decision in *Singleton* to submit its views on all the cases consolidated there.

ins v. Bibb County Board of Education, it is ordered [2]:

1. The motion for injunctive relief pending appeal is not passed upon.

2. The alternative motion for summary reversal is granted and the district court's order of January 21, 1970, is summarily reversed.

3. The district court is directed to enter its order approving the plans proposed by the respective appellee School Boards and directing the appellee Boards [3] to put the plans into effect by or before February 16, 1970. Carter v. West Feliciana Parish School Board, 1970, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 [January 14]; Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 419 F.2d 1211 [January 21], en banc mandate in consolidated cases, January 21, 1970.

4. The district court is directed to schedule expedited hearings for such modifications to the plans as may be necessary to correct unworkable elements in the plans and to allow the parties an opportunity to suggest improvements in the plans in the light of the actual workings of the plans to the end that student bodies will be more effectively desegregated than they were under the freedom-of-choice method. The hearings, however, shall not delay the full implementation of the plans by February 16, 1970.

5. The appellants are awarded their costs in this appeal and the district court is directed to assess the same; the appellants' motion for reasonable attorneys fees is denied.

6. The appellees' letter-motion for oral argument in Bivins v. Bibb County is denied.

7. The mandate herein shall issue immediately and no stay will be granted for filing Petition for Rehearing or Petition for Writ of Certiorari.

Judge Coleman reserves the right to file a dissent.

COLEMAN, Circuit Judge (dissenting).

I respectfully dissent.

1. I believe these cases were correctly decided in the District Court and that the Constitutional rights of the school children in these districts were preserved by that action. Instead of embroiling these children in further uproar and disruption, I would pronounce a "well done" on Bibb and Houston and thus encourage other districts to go and do likewise. The record in these cases shows that no child is being excluded from any school by reason of race. It is a rare district that can point to the fact that twenty-five per cent of its Negro students are enrolled in formerly all-white schools, as in Bibb. The same may be said of the twenty per cent in Houston. There are no more all-black schools, for the facilities and staffs have been integrated and entire classes from the formerly all-white schools are being taught in the formerly all-black schools. There is

---

2. Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this Court has carried out in United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852 [November 7, 1969], and of Carter v. West Feliciana Parish School Board, 1970, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 [January 14] implemented in Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 419 F.2d 1211 [January 21], this Court has judicially determined that the ordinary procedures for appellate review in school segregation cases have to be suitably adapted to assure that each system, whose case is before us, "begin immediately to operate as unitary school systems". Upon consideration of the parties' memoranda and so much of the record as is available or determined to be needed by the Court, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, F.R.A.P.

3. We take some encouragement from the statement of the Bibb County Board of Education that the innovation of school complexes which it proposes as a desegregation solution in the secondary schools will also provide "an improved instructional program".

no showing whatever that the status of any school is caused by racial discrimination. So, what the majority seems to be doing here is to continue to strive for racial balance. Nor is this justified on the argument that it is necessary for the eradication of discrimination. When every child is genuinely free to attend any school it wishes to attend, regardless of race or economic status in life, there simply is no discrimination. Some of these days, the Courts are going to have to recognize this fact if they are to free themselves of their tragic failures in the role of school administrators and get back to their primary function.

2. The past history of this litigation and the existing facts fall far short of justifying summary action on appeal. We should take advantage of the opportunity presented in these cases to delineate meaningful standards as to what is, or is not, the abolition of a dual school system or the inauguration of a unitary system. We are never going to get out of this worsening problem by continually saying, "This is not enough". We should say what is enough, in affirmative language, and let us get back to educating children of all races in an atmosphere of learning. After all, we deal with these cases in the exercise of equity jurisdiction.

3. I do not believe the Supreme Court has required, or would require, mid-session disruption of the academic process in school districts which have climbed as far up the hill as have Bibb and Houston. To be specific, I think these districts have in good faith proceeded with deliberate speed, with constructive results, and, having done that, it is high time for the Courts to withdraw from the picture.

Again, with deference, I respectfully dissent.

## ON PETITIONS FOR REHEARING AND PETITIONS FOR REHEARING EN BANC

### PER CURIAM.

The Petitions for Rehearing are denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petitions for Rehearing En Banc are denied.