Jerry **LOCKETT** et al., Plaintiffs-Appellants,

v.

**BOARD OF EDUCATION OF MUSCO-GEE COUNTY SCHOOL DISTRICT, GEORGIA**, et al., Defendants-Appellees.

**No. 71–2490.**

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1971.

C. B. King, Albany, Ga., Jack Greenberg, New York City, Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., for plaintiffs-appellants.

J. Madden Hatcher, A. J. Land, Columbus, Ga., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This case is presently before the Court on an appeal by plaintiffs from

two aspects only of a school desegregation plan filed by defendant Board of Education and approved by the District Court.

■ The first aspect has to do with faculty assignments. Although teachers are assigned to the respective schools in the system on a system-wide racial ratio basis as required by Singleton v. Jackson Municipal Separate School District, 5th Cir. 1970, 419 F.2d 1211, and as explicated in Carter v. West Feliciana Parish School Board, 5th Cir. 1970, 432 F. 2d 875, the plan as approved does not include other provisions in the Singleton decision having to do with faculty and staff. The Singleton order has been uniformly required throughout the Fifth Circuit and we called attention to the decision in our last remand order in this school case. Lockett v. Board of Education of Muscogee County, 5th Cir. 1971, 442 F.2d 1336. The Singleton decree as it relates to faculty and staff must be made a part of the desegregation plan in the Muscogee County School system and the District Court is directed on remand to require the inclusion of that part of the Singleton decree in the plan. 419 F. 2d at 1217–1218.

■ The other aspect of the plan in issue has to do with transportation of kindergarten students. The kindergarten program in this system is entirely voluntary in that there is no state kindergarten program in Georgia and no state funds are available for such a program. The program here is locally financed and attendance is on a voluntary basis. The daily kindergarten program is of shorter duration than the program in the regular school grades. No transportation has been heretofore supplied as a part of the kindergarten program and the desegregation plan does not contemplate transportation for kindergarten.

Plaintiffs contend that some of the children in the system will not be permitted to attend kindergarten on a neighborhood basis under the combination neighborhood-racial ratio student assignment plan. It does appear that once all seats in a given grade are occupied on a neighborhood basis as allocated on a racial ratio the remaining students heretofore assigned to the particular school, whether white or black, will be required to attend other schools. Seventy percent of the seats in a grade are allocated for white students in the elementary grades and 30% for black. The ratio is 75% white—25% black in the junior high and high school grades. Transportation will be furnished to those students attending schools out of their neighborhoods in all grades except kindergarten.

There are two answers to this problem. First, the School Board can supply transportation for kindergarten students on the same basis as transportation is to be supplied under the plan to students in the other grades in the system. Second, the kindergarten program can be operated on a neighborhood assignment basis. The elimination of kindergarten from the overall assignment plan would not be unreasonable in light of the peculiarities of the kindergarten program. The School Board is to be given the option as to which course to pursue and the District Court is directed to require that the plan be amended once the option is selected.

■ Lastly, there has now come to our attention through motion that the Superior Court of Muscogee County, Georgia has enjoined defendants from implementing the desegregation plan as approved by the District Court. The District Court is directed to take such action at once, through the use of the injunctive process or otherwise, as may be necessary to protect defendants from the order or orders of the Muscogee Superior Court to the end that defendants may implement the desegregation plan. See United States v. Board of Education of Emanuel County Georgia, Civil Action #487, So. Dist. of Georgia, September 15, 1969.

Reversed in part and remanded for further proceedings in accordance with the directions contained herein.