**Robert J. DAVIS et al., Appellants,**

v.

**BOARD OF EDUCATION OF the NORTH LITTLE ROCK, ARKANSAS, SCHOOL DISTRICT, et al., Appellees.**

No. 71–1360.

United States Court of Appeals, Eighth Circuit.

Sept. 10, 1971.

John W. Walker and Philip E. Kaplan, Little Rock, Ark., Norman Chachkin, New York City, for appellants.

G. Ross Smith and Herschel H. Friday, Little Rock, Ark., for appellees.

Before MATTHES, Chief Judge, and GIBSON, LAY, HEANEY, BRIGHT, ROSS and STEPHENSON, Circuit Judges, En Banc.*

PER CURIAM.

We are asked to review a District Court decree purporting to establish a unitary school system in North Little Rock, Arkansas.[1] No question is raised by either party with respect to the plan insofar as it relates to grades 7 through 12.

The appellants urge that the trial court erred (1) in delaying the integration of the elementary grades, pursuant to the "Storm"[2] plan, until the beginning of the 1972–73 school year; (2) in refusing to require the school district to develop and follow objective standards in the assignment of personnel in the integrated school system; (3) in permitting construction to proceed at Amboy, a secondary school; and (4) in refusing to allow attorneys' fees to the appellants.

The school board contends only that the trial court erred in ordering the elementary schools to be integrated at the beginning of the 1972–73 school year.

A review of the records and briefs show that the issues herein are similar to those raised in Clark et al. v. Board of Education of Little Rock School District, et al., (*Clark III*), 449 F.2d 493, decided this date. Thus, a brief opinion will suffice.

### THE ELEMENTARY SCHOOL PROBLEM

■ The "Storm" plan for integrating the elementary schools is a constitutionally permissible one well within the discretion of the trial court to impose.

■ The trial court's finding that it would be impossible to put the "Storm" plan into effect at the beginning of the 1971–72 school year is supported by adequate evidence; thus, we will not upset it. But, for the reasons set forth in *Clark* III, we do require that the plan be implemented to the extent possible during the current school year, and that it be fully implemented no later than the beginning of the 1972–73 school year. We further require the Board of Education to make the necessary provisions in the budget

---

* Judge Mehaffy took no part in the consideration or decision of these appeals.

1. The District Court's decision, Davis, et al v. Board of Education of North Little Rock, Arkansas, School District, is published at 328 F.Supp. 1197 (E.D.Ark. 1971). The prior history of litigation is summarized in Cornell Graves, et al. v. Board of Education of the North Little Rock, Arkansas, School District, et al., Civil No. LR–68–C–151 (E.D.Ark., filed August 17, 1970); Graves v. Board of Education of No. Little Rock, Ark., Sch. Dist., 302 F.Supp. 136 (E.D.Ark.1969); Graves v. Board of Education of No. Little Rock, Ark., Sch. Dist., 299 F.Supp. 843 (E.D.Ark.1969).

2. The plan adopted by the court was suggested by a member of the Board of Education, Mr. Storm. The plan divides the twenty elementary schools in the district into four groups, with each group containing one of four traditionally black schools. The heart of the plan is the transfer of large numbers of black students from the black schools in the respective groups to the white schools in those groups, and replacing them with white students. The students to be transferred within each group of schools will be randomly selected in a manner described in the plan. The plan achieves substantial but not absolute racial balance in each of the elementary schools.

for the 1972–73 school year, now under preparation, for all costs incidental to the integration of the school system. The board must also take immediate steps to arrange for the transportation necessary under the plan, and must make application for such state or federal funds as may be available for that purpose. Finally, we require the board to submit to the District Court every sixty days a report of its progress toward the implemention of the approved plan.

### *THE FACULTY AND STAFF PROBLEM*

■ Here, as in *Clark* II (Clark v. Board of Education of Little Rock School District, 426 F.2d 1035 (8th Cir. 1970) ), the District Court has indicated a present unwillingness to require the school district to use objective nondiscriminatory standards in the reassignment of faculty and staff. It states that student assignment problems are more pressing. For the reasons stated in *Clark* III, the District Court is directed to modify its decree to require the board to establish and implement standards with respect to the reassignment of faculty and staff in accordance with our opinion in *Clark* III.

### *THE SCHOOL CONSTRUCTION PROBLEM*

The District Court did not abuse its discretion in permitting completion of the partially completed addition to Amboy. However, the District Court is hereby instructed to modify its decree to provide that no additional school facilities are to be constructed by the North Little Rock School District without the express permission of the District Court. That court is required to follow the standards set forth in *Clark* III in granting or withholding such permission.

### *ATTORNEYS' FEES*

No attorneys' fees will be allowed.

The decision of the District Court is affirmed in part and reversed in part.

The matter is remanded to the District Court with the directions heretofore set forth, and with instruction to the District Court that it is to retain jurisdiction of the matter. Mandate of this Court to issue forthwith.