**Robert J. DAVIS et al., Plaintiffs,**

v.

**BOARD OF EDUCATION OF NORTH LITTLE ROCK, ARKANSAS, SCHOOL DISTRICT et al., Defendants.**

No. LR–68–C–151.

United States District Court,
E. D. Arkansas, W. D.

Aug. 10, 1973.

John W. Walker, Walker, Kaplan & Mays, Little Rock, Ark., for plaintiffs.

Robert V. Light, Smith, Williams, Friday, Eldredge, & Clark, Little Rock, Ark., for defendants.

Memorandum Opinion

HENLEY, Chief Judge.

This litigation was commenced in 1968 by Negro patrons of the public schools operated by the Board of Education of the North Little Rock, Arkansas School District for the purpose of putting an end to racial segregation in the schools operated by the District. It has produced three published opinions of this Court and one published opinion of the Court of Appeals.[1] As a result of the suit satisfactory racial integration of all twelve grades of the North Little Rock School System and of staff and faculty has been achieved. However, jurisdiction of the case has been retained by this Court, and the cause is now before the Court on a motion of the defendants based upon the fact that the District desires to operate a kindergarten program for five year old students this fall.[2]

The defendants desire leave to assign children wishing to participate in the program to the kindergartens located at the elementary schools closest to the residences of the respective children. The plaintiffs oppose the motion on constitutional grounds alleging that the method of assignment just mentioned will discriminate against black pre-school children in violation of the Fourteenth Amendment. The motion has been heard on the motion papers, on the oral testimony of George E. Miller, Superintendent of the North Little Rock schools, and on documentary evidence.

1. Graves v. Board of Education, E.D.Ark., 1969, 299 F.Supp. 843; Graves v. Board of Education, E.D.Ark., 1969, 302 F. Supp. 136; Davis v. Board of Education, E.D.Ark., 1971, 328 F.Supp. 1197, modified, 8 Cir., 1971, 449 F.2d 500.

2. Such a program was authorized by Amendment 53 to the Constitution of

Arkansas at the general election of 1968. Prior to the adoption of the amendment, children below the age of six were not permitted to attend Arkansas public schools. After the amendment was adopted, enabling legislation was enacted, and in 1973 additional legislation provided State funds to local districts desiring to operate kindergartens.

The Court finds, as it has found before, that residential housing in North Little Rock is segregated de facto largely for economic reasons, and that there are neighborhoods in North Little Rock that are identifiably "black" and other neighborhoods that are identifiably "white." Thus, if elementary school students are assigned to schools located in their neighborhoods those schools will be readily identifiable as either "black schools" or "white schools." And the same thing may be said about kindergartens if the children are assigned to such institutions located in neighborhoods where the children reside. Defendants so concede; they contend nevertheless that they should be permitted to make neighborhood kindergarten assignments.

The Court finds that under Arkansas law the operation of a kindergarten program by a particular school district is optional with the district, and participating in such a program is optional with the parents of five year old children residing within the district. Such children are not required to go to kindergarten as they are required to enroll in the first grade of school when they are six years old.

According to the motion and according to the testimony of Mr. Miller the program at its present stage is the product of the "school administration," and has not yet formally been approved by the School Board which, as the Court understands it, is not yet committed to adopting any kindergarten program. The details of the program are still somewhat incomplete. It is designed to serve a maximum of about 700 students, and about 400 have been enrolled tentatively; some 60 of those 400 are black.

Children who participate in the program will go to kindergarten for only a half day; some will go in the mornings; others will go in the afternoons. If the District is permitted to assign participants to kindergartens, it will not be required to provide transportation for them. If the District is not permitted so to assign the children, and if it has a kindergarten program many of the children will have to be bused from neighborhood schools used as gathering points for the children to the schools at which the assigned kindergartens are located and then back to the gathering points at the end of the daily sessions.

Pursuant to the orders of this Court and of the Court of Appeals North Little Rock is now busing elementary school students in the manner above described. If the District undertakes to bus kindergarten students, it will have to initiate midday bus runs because of the fact that a child will go to kindergarten for only half a day. The cost of busing to the District would be quite substantial. Moreover, that cost would be in addition to the expense that must be borne by the District to make up the difference between the total cost of the program, without busing and the amount of money that the State will contribute to the program.

The North Little Rock District is one of three public school districts operating in Pulaski County. The other two districts are the Little Rock District and the Pulaski County Special School District. Those two districts have been involved in desegregation litigation and are subject to the continuing jurisdiction of this Court. They have been able to agree with counsel for Negro plaintiffs in their cases on kindergarten programs. In the County District the program will involve substantial amounts of busing of pre-school children to kindergarten centers. The program for the Little Rock District is essentially a neighborhood school program. However, if a pre-school child wishes to go to kindergarten at a school out of his neighborhood which is attended by a brother or sister, he may do so, and the Little Rock District will provide him with transportation. Further, if the child's parents desire the child to transfer from a kindergarten in which the members of the child's race are in the majority to a kindergarten in which the members of the child's race are in the minority, such a transfer is permissible. It may be ob-

served that both the Little Rock District and the County District are geographically large districts both absolutely and in comparison with North Little Rock.

The longest school bus route in North Little Rock is 5.6 miles, and a number of the routes are only 2 or 3 miles long. Today, a North Little Rock elementary school student may spend from 15 to 30 minutes on a bus each day. The same distances and times presumably would be applicable to five year old kindergarten students.

According to Mr. Miller, the District plans to take the kindergarten children where it finds them and to do the best it can for them in preparing them to enter upon their formal schooling at the conclusion of their term in kindergarten.

Counsel for plaintiffs argues that if black pre-school children attend "black" kindergartens, and that if white pre-school children attend "white" kindergartens, the pre-school kindergarten training will aggravate existing cultural differences between the students of the two races, so that comparatively speaking the black students will enter the first grade of school more handicapped than they now are. Counsel is of the view that the kindergartens should be integrated as well as the public school grades.

The defendants' motion gives the Court a good deal of trouble. Integration of the regular student bodies, staffs, and faculties in North Little Rock has been achieved only recently, and to permit the District to operate de facto segregated neighborhood kindergartens may well be considered as a "step backward" if total integration of the public school system is to be achieved and maintained.

At earlier stages of this case and of other school cases with which this Court has been concerned, the Court undertook to uphold the neighborhood school concept of assigning elementary students to schools, but, as should be well known, the Court has been overruled at higher judicial levels. From a strictly logical standpoint, it is hard to see how an Arkansas school district can constitutionally use the neighborhood school concept in assigning five year olds to kindergartens but cannot constitutionally do so in assigning six and seven year olds to schools where the result would be to continue the existence of racially identifiable elementary schools.

However, as liberal a Court of Appeals as that of the Fifth Circuit has held that children of kindergarten age need not be included in a school district's overall assignment plan and can constitutionally be permitted to attend kindergarten at their neighborhood elementary school. Flax v. Potts, 5 Cir., 1972, 464 F.2d 865. In that case, which involved the public schools of Fort Worth, Texas, the Court of Appeals said (464 F.2d at 869):

"We believe, however, that because of the peculiarities of the kindergarten program, the limited nature of its operations, and the tender age and special needs of its students, its elimination from the over-all student assignment plan is neither unreasonable nor constitutionally impermissible. See Lockett v. Board of Education of Muscogee County, 5 Cir., 447 F.2d 472. The kindergarten pupils will therefore continue to attend the elementary school nearest their home conducting a pre-school program."

The Court of Appeals for this Circuit has apparently had no occasion to address itself to the question which is presented here, and, frankly, this Court does not know what that Court will hold if and when the question is presented to it. It may go along with the Fifth Circuit or it may reach an opposite result.

The Court does not stop to explore possible lines of reasoning in support of the result reached in Flax, supra. Regardless of its reasoning, the Flax case is a respectable precedent, and the Court is going to follow it, albeit with some hesitation and with full recognition of the possibility of reversal should plaintiffs appeal.

The motion of the defendants will be granted but upon two conditions: First, that the matter of assignments to kindergartens aside, the District's plan when finalized must be free of all elements of racial discrimination. Second, that if plaintiffs undertake an immediate appeal and seek an expedited hearing before a panel of the Court of Appeals, the defendants and their counsel will be expected to cooperate with counsel for plaintiff in preparing the record and in getting the case before the appellate Court as quickly as possible; and, at least initially, the District will be expected to bear the expense of the appeal, subject, of course, to review of the Court of Appeals.