**Willie Eugene PITTS et al.,
Plaintiffs-Appellants,**

v.

**Jim CHERRY et al.,
Defendants-Appellees.**

**No. 78–3603
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 16, 1979.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Roger Mills, Decatur, Ga., Donald Edwards, Atlanta, Ga., Jack Greenberg, Bill L. Lee, NAACP Legal Defense Fund, Inc., New York City, for plaintiffs-appellants.

Weekes, Candler, Sams & Weatherly, Gary M. Sams, Charles L. Weatherly, Decatur, Ga., for defendants-appellees.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

In this class action lawsuit parents of black school children challenge that portion of the district court's desegregation plan which does not require the DeKalb County school system to provide transportation for kindergarten children who elect to participate in the voluntary majority-to-minority transfer program. We have uniformly held that kindergarten children need not be included in desegregation plans and have further ruled that parents must arrange for transportation of kindergarten children who choose to participate in a majority-to-minority transfer program. *Flax v. Potts,* 464 F.2d 865, 869 (5th Cir. 1972); *see Lockett v. Board of Ed. of Muscogee Co. Sch. Dist., Ga.,* 447 F.2d 472, 473 (5th Cir. 1971); *Arvizu v. Waco Independent School District,* 495 F.2d 499, 503 n.8, 504 n.9 (5th Cir. 1974). We affirm.

DeKalb County operates a majority-to-minority (M-to-M) transfer program in which any student attending a school in which he or she is of the majority race may transfer to a school in which he or she would be of the minority race. Participation in the program by students is voluntary. About 1,229 students or 6% of the black student enrollment has opted to participate. Federal court order required defendants to provide transportation for all M-to-M students.

In May 1978, the school officials asked the district court to exclude entirely all kindergarten children from the M-to-M option. At that time defendants were not operating a fully funded kindergarten program. About 1,750 students participated in the kindergarten program, most of whom were educationally deprived or handicapped children. Of that number, about 750 or 42% lived more than a mile from the school to which they were assigned and were provided transportation to and from the half-day program. Defendants were in the process of expanding the kindergarten program by

fully funding it and anticipated an increase to about 4,000 students with slightly less than 50% of that number being transported. Their predictions proved fairly accurate.

At present DeKalb County operates a state funded kindergarten program and uses state funds for operational costs, including transportation. The school system currently transports just under 2,000 kindergarten children who live a mile or more from their school. Only M-to-M kindergarten children are not provided transportation.

Although the district court denied defendants' request to exclude kindergarten students from participating in the M-to-M program, the court declined to require defendants to furnish transportation for those electing to participate, citing as its reason the tender age of the kindergarten students. Relying on *Swann v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 1, 26–27, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971), and its progeny plaintiffs argue that prior decisions require that the transportation burden be placed on the school system, the right to transportation attaches regardless of age or grade, the right to transfer M-to-M is ineffective if transportation is not provided, and denial of transportation is constitutionally impermissible where a school system provides transportation to all other kindergarten children.

Addressing the issue of transportation for majority-to-minority transfer kindergarten students in *Flax v. Potts, supra* at 869, Judge Dyer said:

> Another prong of appellants' objection to the Comprehensive Plan approved by the trial court is the non-inclusion of kindergarten and first grade students in the cluster program. We find no justification for the non-inclusion of first grade students. They are part of the normal curriculum of the district and entitled to a full and equal integrated education. We believe, however, that because of the peculiarities of the kindergarten program, the limited nature of its operation, and the tender age and special needs of its students, its elimination from the over-all student assignment plan is neither unreasonable nor constitutionally impermissible. See *Lockett v. Board of Education of Muscogee County*, 5 Cir. 1971, 447 F.2d 472 [1971]. The kindergarten pupils will therefore continue to attend the elementary school nearest their home conducting a pre-school program. However, for the parents of those children who so elect, the majority-to-minority transfer provision of the Comprehensive Plan must be extended to the pre-school level to make the pre-school program in any elementary school in the district available, provided the parent can arrange for the transportation of his child to that facility.

While this Court required that transportation be provided for M-to-M students in *Tasby v. Estes*, 572 F.2d 1010, 1015 (5th Cir.), *cert. granted*, —— U.S. ——, 99 S.Ct. 1212, 59 L.Ed.2d 454 (1978), we there permitted children in kindergarten programs to remain in neighborhood schools. *Id.* at 1014. Hence the issue of transportation for kindergarten M-to-M students was not reached. The other cases relied on by plaintiffs do not concern kindergarten children and do not control the instant case. *See, e. g., Swann v. Charlotte-Mecklenberg, supra* 402 U.S. at 30–31, 91 S.Ct. 1267; *United States v. Texas Education Agency*, 579 F.2d 910 (5th Cir. 1978); *Cisneros v. Corpus Christi Independent School District*, 467 F.2d 142 (5th Cir. 1972); *Brewer v. School Board of the City of Norfolk, Va.*, 434 F.2d 408 (4th Cir. 1972); *Clark v. Board of Education of Little Rock School District*, 426 F.2d 1035 (8th Cir. 1970).

Plaintiffs argue that the denial of transportation to M-to-M kindergarten students while providing transportation to non-M-to-M kindergarten students is constitutionally impermissible. We cannot reach this question on this record. In this case no indication is given regarding the racial composition of the non-M-to-M kindergarten students who are being transported. We cannot determine, therefore, the extent to which there is an exclusion of black children and inclusion of white children in the transportation of kindergarten children.

The district court could have legally excluded the kindergarten students from the M-to-M program. Refusing to do so but requiring parents to arrange transportation for kindergarten M-to-M students does not appear to abuse the discretion of the district court to fashion a desegregation plan for the constitutional fault which brought the case before the district court in the first place, taking into consideration all relevant factors, such as cost to the system and the tender age of kindergarten children.

Plaintiffs have not met their burden on appeal of demonstrating that the district court erred in this case.

AFFIRMED.