**UNITED STATES of America,**
**Appellant,**

v.

**TUNICA COUNTY SCHOOL DISTRICT,**
**Appellee.**

**No. 28912.**

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 1970.

John W. Dulaney, Jr., Tunica, Miss., for appellant.

H. M. Ray, U. S. Atty., Oxford, Miss., Ben L. Krage, U. S. Dept. of Justice, Washington, D. C., for appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Both the School Board and the United States have appealed from the judgment entered by the District Court in this school desegregation case. The United States has now moved to summarily reverse the judgment. We grant the motion with direction.

This school district operates two traditionally white schools (grades 1–6 and 7–12) and two all-Negro schools (grades 1–8 and 1–12), serving 555 white and 3,155 Negro students. In response to the government's motion for supplemental relief based on Green v. County School Board, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968), the district court held freedom of choice to be unacceptable, requiring submission of a new plan. The school board resubmitted its *Jefferson*-model free choice plan, and, in the alternative, a plan by which students would be assigned to schools on the basis of achievement-test scores. The plan seems identical in all essential respects to the plan before this court in Anthony v. Marshall County Board of Education, No. 28261, decided sub nom. Singleton v. Jackson Municipal Separate School District, 5 Cir., 1969, 419 F.2d 1211 (en banc), petition for certiorari pending. Students in four grades per year would be tested, with the highest-scoring students assigned to the white schools and all others to the Negro schools.

The principal issue raised by the school board in its statement of errors is whether the district court erred in not approving continued use of free choice. The issues raised by the government, in its motion, is whether the district court erred in approving a three-step plan which bases the assignment of students to schools on achievement-test scores.

Inasmuch as the facts and issues are nearly identical to those in the Marshall County case, the judgment of the district court must be reversed and the case remanded for further proceedings in conformity with *Singleton,* supra, and the Marshall County portion thereof:

The District Court is directed to comply with all of the terms, provisions and conditions in *Singleton,* supra, Parts I and III, except for the following:

(1) The District Court shall order the Board to submit a desegregation plan to provide a unitary school system and said plan shall be filed with the District Court not later than January 15, 1970.

(2) The District Court shall order the School Board to take such preliminary steps as may be necessary to prepare for complete student desegregation by February 1, 1970, in accordance with the order of the Supreme Court in Carter v. West Feliciana Parish School Board, 1969, 396 U.S. 226, 90 S.Ct. 467, 24 L.Ed.2d 382, in the event the Supreme Court requires student desegregation by February 1, 1970.

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing, or application for certiorari.

Reversed and remanded with directions.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is also denied. The matters asserted in the brief of the School District are appropriate for consideration by the district court on remand.

Judges Coleman and Clark dissent for the reasons stated in their dissenting opinions filed in Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970 (slip opinion dated January 11, 1970).