**UNITED STATES of America, Plaintiff-Appellee,**

v.

**SUNFLOWER COUNTY SCHOOL DISTRICT et al., Defendants-Appellants.**

No. 29950.

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1970.

Frank O. Crosthwait, Jr., Indianola, Miss., Hardy Lott, Greenwood, Miss., for defendants-appellants.

H. M. Ray, U. S. Atty., Oxford, Miss., Jerris Leonard, Asst. Atty. Gen., Brian K. Landsberg, Ben L. Krage, Attys., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

This is another school desegregation case in which the school district complains of an order entered by the

district court.[1] Against a background of slow progress in establishing a unitary school system and the use of an achievement testing program in the assignment of students, the United States filed a motion for supplemental relief.[2] This appeal was taken from the order of the district court entered after a hearing upon that motion. We find no merit in the Board's contentions and affirm.

In summary the district court ordered that:

1. The assignment of students based upon the achievement testing program would be rescinded at the close of the 1970 school year.

2. The dual school system was to be terminated and a unitary system established in which no person was to be effectively excluded from any of the schools because of race or color as required by the decision of the Supreme Court in Alexander v. Holmes Co. Bd. of Ed.[3]

3. The board was to place into effect for the school year commencing in September 1970 appropriate provisions for the desegregation of faculty and staff in accordance with the decision of this court in Singleton v. Jackson Municipal School District.[4]

4. Because of unusual complexities and special problems arising in the Gentry High School, located within the Indianola Municipal Separate School District, but jointly owned by that district and the Sunflower County School District, a special master was appointed to make full study and to give recommendations for school desegregation in all grades for the 1970–71 school year, with respect to that particular school and all other schools subject to the jurisdiction of the appellants. In the performance of his duties the special master was directed to follow certain specific constitutional guidelines as set forth in an order of reference by the court pursuant to Federal Rule of Civil Procedure 53. The right to file objections to the master's report was accorded to the parties and an evidentiary hearing was provided to consider any objections filed.

5. There was to be formed a biracial advisory committee of ten persons composed of five white persons selected by white patrons and five black persons selected by black patrons of the district's public schools. Provisions for the formation of the committee and the implementation of its duties were clearly set forth.

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this court has carried out in United States v. Hinds County School Board, 5 Cir. 1969. 417 F.2d 852 [Nos. 28030, 28042. July 3, 1969], this court has judicially determined that the ordinary procedures for appellate review in school segregation cases have to be suitably adapted to assure that each system, whose case is before us, "begin immediately to operate as unitary school systems." Upon consideration of the record the court has proceeded to dispose of this case as an extraordinary matter. Rule 2, FRAP.

2. In its motion for supplemental relief filed March 4, 1970, the government alleged that in the report of the defendants to the district court on October 14, 1969 it is demonstrated that substantially all white students in the system attend the two formerly all white schools and that 95% of the Negro students in the system continue to attend essentially all Negro schools.

The motion also contains the following assertion as to the defendants' report to the court:

(b) Defendants' Report to the Court also indicates insufficient faculty desegregation:

| School | N | W | T |
|---|---|---|---|
| Moorhead Elem. | 1 | 9 | 10 |
| Ruleville Public | 2 | 27 | 29 |
| Blaine | 19 | 0 | 19 |
| Inverness Elem. | 32 | 0 | 32 |
| East Moorhead | 20 | 0 | 20 |
| Ruleville Central | 42 | 5 | 47 |
| East Sunflower | 22 | 1 | 23 |

3. 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969).

4. 419 F.2d 1211 (5th Cir. 1970—En Banc).

Finally, the court retained jurisdiction of the cause for the purpose of granting necessary supplemental or additional orders.

On this appeal the School District asserts that "the sole issue is whether or not this School District may assign its student to schools on the basis of achievement tests * * *" without discrimination, and it is asserted that this method has proved to be successful as to four grades to which it has been applied in this School District. It is admitted that the trial judge who entered the order is familiar with the School District and its problems. There are no substantial issues of fact in dispute.

■ It is obvious that the schools involved are being operated as a dual school system. Indeed, the order from which this appeal was taken commands and enjoins the termination of the dual system and the establishment of a unitary system. The order is in exact accordance with the mandate of the Supreme Court in Alexander v. Holmes County Bd. of Ed.,[5] wherein the Court stated that dual school systems based on race or color could no longer be operated and that the establishment of unitary school systems must be accomplished *immediately*. We quote from that opinion:

> Under explicit holdings of this Court the obligation of every school district is to terminate dual school systems at once and to operate now and hereafter only unitary schools.

In accordance with the foregoing directive of the Supreme Court, this court, in Singleton v. Jackson Municipal School District,[6] rejected the contention now made by the School District here involved, and ordered Marshall County School District and Holly Springs Municipal Separate School District (both in Mississippi) to adopt new school desegregation plans based upon geographic attendance zones and consolidated schools. We then concluded that "testing cannot be employed in any event until unitary school systems have been established." Moreover, we again disapproved achievement testing as a method of student assignment in *dual* school systems in the Tunica County, Mississippi school system. United States v. Tunica County School District.[7]

We are not unmindful of the difficulties involved in this case where the population of students of the entire School District reflects a marked racial imbalance—85.7% black and 14.3% white. But we cannot alter the requirements of the law because of this factor. The district judge has demonstrated a fundamental grasp of the situation presented. His order is clear, concise, and is in accordance with the decisions of the Supreme Court and this court.

The appellants are bound to realize that the district court and this court are required to follow the mandates and directives of the Supreme Court whose pronouncements are the supreme law of the land. "Deliberate speed" is no longer a viable principle in school desegregation cases. If there is any doubt about time being of the very essence in cases of this kind, a quick glance at Carter v. West Feliciana Parish Sch. Bd.[8] should convince the most ardent skeptic.

The judgment is affirmed.

5. 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969).

6. 419 F.2d 1211 (5th Cir. 1970—En Banc).

7. 421 F.2d 1236 (5th Cir. 1970).

8. 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970).