Ura Bernard LEMON et al., Plaintiffs-Appellants,

United States of America, Plaintiff-Intervenor,

v.

BOSSIER PARISH SCHOOL BOARD et al., Defendants-Appellees.

No. 30447.

United States Court of Appeals, Fifth Circuit.

June 17, 1971.

school systems have been established."
419 F.2d at 1219.

■ Since *Singleton* we have repeatedly rejected testing as a basis for student assignments, United States v. Sunflower County School District, 5 Cir. 1970, 430 F.2d 839; United States v. Tunica County School District, 5 Cir. 1970, 421 F.2d 1236, and we see no occasion to depart from this rule in the present case. The Plain Dealing School System has been a unitary system for only one semester. This is insufficient to even raise the issue of the validity of testing itself. In *Singleton* we made it clear that regardless of the innate validity of testing, it could not be used until a school district had been established as a unitary system. We think at a minimum this means that the district in question must have for several years operated as a unitary system. The Plain Dealing district does not meet this standard since it operated as a unitary system for only one semester. "One swallow does not make a spring." For this reason the district must discontinue assigning students on the basis of achievement test scores.

We decline once again, however, the invitation to rule on the validity of testing per se. When a school district that has operated as a unitary system for a sufficient time raises the issue, we will then decide that complex and troubling question which, suffice it to say, is not simplistic.

For the foregoing reasons, the judgment of the district court as it relates to student assignment is vacated, and the cause is remanded with direction that the district court require the school board to constitute and implement a student assignment plan by July 15, 1971, that complies with this opinion and the principles established in Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L. Ed.2d 554. In the event that the school board fails to develop such a plan by July 15, 1971, the district court shall order that the pairing plan contained in

Jesse N. Stone, Jr., Shreveport, La., Norman J. Chachkin, Margrett Ford, New York City, A. P. Tureaud, New Orleans, La., for plaintiffs-appellants.

J. Bennett Johnston, Jr., Shreveport, La., Edward S. Christenbury, Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., Arthur M. Wallace, Jr., Asst. Dist. Atty., Benton, La., for defendants-appellees.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court approving a school board plan for the operation of the public schools in Plain Dealing, Louisiana. The plan in question provides that students in grades 4–12 will be assigned to one of the two schools in the system on the basis of scores made on the California Achievement Test. Plaintiffs appeal, contesting the validity of the board's plan.

■ We think it obvious that the plan approved by the district court, insofar as it provides for the assignment of students on the basis of achievement test scores, is not in compliance with previous orders of this court in school desegregation cases. In Singleton v. Jackson Municipal Separate School District, 5 Cir. 1969, 419 F.2d 1211, rev. in part on other grounds, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477, this court sitting en banc said:

"This suit seeks to desegregate two school districts, Marshall County and Holly Springs, Mississippi. The district court approved plans which would assign students to schools on the basis of achievement test scores. We pretermit a discussion of the validity per se of a plan based on testing except to hold that testing cannot be employed in any event until unitary

its January 17, 1970, order shall be reinstituted and shall remain in effect until such time as the school board does provide a student assignment plan in compliance with this court's order to disestablish the dual school system in Plain Dealing, Louisiana. In addition, the district court shall require the school board to file semi-annual reports during the school year similar to those required in United States v. Hinds County School Board, 5 Cir. 1970, 433 F.2d 611, 618–619.

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing or application for writ of certiorari.

Vacated and remanded with direction.