594 F.2d 156
 31 Fair Empl.Prac.Cas. 45
 Anthony T. LEE et al., Plaintiffs,
United States of America, Plaintiff-Intervenor,
National Education Association, Inc., Plaintiff-Intervenor Appellant,
v.
WALKER COUNTY SCHOOL SYSTEM and Jasper City School System,
Defendants-Appellees.
 No. 77-2988.
 United States Court of Appeals,
Fifth Circuit.
 May 1, 1979.
 
 Solomon S. Seay, Jr., Montgomery, Ala., David H. Hood, Jr., Bessemer, Ala., for National Ed. Ass'n, Inc.
 Phil A. Laird, Jasper, Ala., Herman W. Maddox, Jasper, Ala., for Walker County School System.
 Morris W. Savage, Wilson & Wilson, Jasper, Ala., for Jasper City School System.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before AINSWORTH, GODBOLD and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appeal in this school case is taken from the entry of summary judgment in favor of the two defendant school systems. The plaintiffs-appellants had also filed a motion for summary judgment and now contend that the district court erred in ruling against them and in favor of the defendants. The plaintiffs claim that the facts before the court showed that the defendants: (1) refused unlawfully to renew the contracts of five black, untenured teachers; (2) demoted two black principals and thereafter failed to offer them comparable positions for discriminatory reasons; (3) discriminatorily refused to promote a black assistant principal to a principalship; and (4) unlawfully reduced the number and percentage of black teachers in the school system. A thorough examination of the record reveals that there is no genuine issue as to any material fact and that the trial court properly concluded that the defendants were entitled to a judgment as a matter of law. See Bricklayers Local 15 v. Stuart Plastering Co., 512 F.2d 1017, 1023 (5th Cir. 1975). We affirm.
 
 
 2
 The plaintiffs' argument regarding the allegedly unlawful nonrenewal of the teachers'[1] contracts rests primarily on their assertion that the standards of Singleton v. Jackson Municipal Separate School District,419 F.2d 1211 (5th Cir. 1969), Rev'd in part sub nom. Carter v. West Feliciana Parish School Board, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970) (reversal limited to timing of desegregation), are applicable to the defendants' actions. The objective criteria requirement of Singleton does not apply, however, after a formerly segregated school system "ha(s) for several years operated as a unitary system." Lemon v. Bossier Parish School Board, 444 F.2d 1400, 1401 (5th Cir. 1971); See e. g., Barnes v. Jones County School District, 544 F.2d 804, 806 (5th Cir. 1977); United States v. Gadsden County School District, 539 F.2d 1369, 1378 n. 17 (5th Cir. 1976); Thompson v. Madison County Board of Education, 476 F.2d 676, 678 (5th Cir. 1973). The undisputed evidence showed that the Jasper City School System had been unitary for over ten years and that the Walker County System had been so at least since 1969. The district court correctly concluded that Singleton is inapplicable to the nonrenewal decisions made by the defendants in 1974. Furthermore, regardless of the unitary nature of the school systems, Singleton is inapplicable to the nonrenewal decisions because the plaintiffs did not show that the teachers' nonrenewals were the result of a desegregation related reduction in the number of teachers. Wright v. Houston Independent School District, 569 F.2d 1383, 1384 (5th Cir. 1978); Barnes v. Jones County School District, 544 F.2d at 806-07.
 
 
 3
 The defendants were within the bounds of the law in sending out notices of nonrenewal to these nontenured teachers without affording a hearing, because Alabama law specifies that such may be done[2] and because the plaintiffs failed to demonstrate deprivation of constitutionally protected rights of liberty and property.[3] There is no evidence that the defendants discriminated against the five black teachers. To the contrary, nonrenewal notices were sent to all nontenured teachers in 1975. Thus, the district court properly entered summary judgment in the defendants' favor with regard to the nonrenewal of the five teachers.
 
 
 4
 The court's entry of summary judgment relating to the claims of the two black principals, Clarence White and C. F. Prewett, was also without error. Although the demotions of these men occurred prior to the Singleton decision and are, thus, subject to pre- rather than post-Singleton law, the alleged failures to promote them to comparable positions would be subject to Singleton standards if the dereliction transpired after February 1, 1970, Singleton's effective date. Sparks v. Griffin, 460 F.2d 433, 440 (5th Cir. 1972); Lee v. Macon County Board of Education, 453 F.2d 1104, 1112 (5th Cir. 1971). The district court recognized that the equitable relief of reinstatement to principalships which is sought on behalf of these two men is improper due to their now being retired in accordance with state law; they are, therefore, no longer qualified to serve as principals. See Ayers v. Western Line Consolidated School District, 555 F.2d 1309, 1321-22 (5th Cir. 1977). The court went on to note, however, that claims properly brought by these men would be without merit under either pre- or post-Singleton law. Mr. White had been reassigned as the administrative assistant at the county's largest high school shortly after his initial demotion. This position was commensurate with his former position as principal of a high school less than half that size because the responsibilities and pay were comparable. See Bassett v. Atlanta Independent School District, 485 F.2d 1268, 1271-72 (5th Cir. 1973). Mr. Prewett's claim, as noted by the district court, was not properly before the court under any of the plaintiffs' motions, but surfaced only in special briefs requested by the court. The court observed that, regardless of that oversight, Mr. Prewett would have had no meritorious claim because he was guilty of inequitable conduct and also specifically requested to remain at the school to which he had been demoted.
 
 
 5
 The claim that the defendants unlawfully refused to promote a black assistant principal, Charles Tatum, to a principalship is similarly groundless. A search of the record indicates that Tatum was not fully qualified to serve as a principal until September of 1975, as the district court found. Of the four principalships awarded thereafter, three went to whites, all of whom were found to be better qualified than Tatum. The district court was not clearly erroneous in concluding that the plaintiffs adduced no evidence of discrimination against Tatum. See Cooper v. Allen, 467 F.2d 836, 840 (5th Cir. 1972).
 
 
 6
 The plaintiffs also erroneously assert that the defendants were bound to adhere to the faculty racial ratio present in the system when faculty desegregation first occurred, so that an inference of discrimination is created by the decrease in the number and percentage of black teachers. The rule in this Circuit is that "once a unitary system has been established the system-wide racial ratio may thereafter change from time to time as a result of nondiscriminatory application of objective merit standards in the selection and composition of faculty and staff." Carter v. West Feliciana School Board, 432 F.2d 875, 878-79 (5th Cir. 1970); Accord, Lee v. Macon County Board of Education, 482 F.2d 1253, 1254-55 (5th Cir. 1973). The record supports the district court's finding that "(t)here is no evidence in this case that the change in ratio resulted other than from the application of objective merit standards." The court's inference that, based on the even more drastic reduction in the black student population, the slightly reduced proportion of black teachers was a result of a severe loss of black population is not clearly erroneous. Thus, as in the case of the plaintiffs' other claims, the court properly entered summary judgment in favor of the defendants.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The teachers on whose behalf relief is sought are Mary Goldsby, Georgiana Guthrie, Shirley Davis, Robert Renschler, and Bobbie Starnes
 
 
 [2]
 Ala.Code tit. 52, §§ 351-361(11); Foster v. Blount County Board of Education, Ala., 340 So.2d 751, 752 (1976)
 
 
 [3]
 See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); LaBorde v. Franklin Parish School Board, 510 F.2d 590, 592-93 (5th Cir. 1975)